*1265 OPINION.
Van Fossan :
The sole, question at issue in this proceeding is the value on July 1, 1916, of the leasehold and improvements thereon covering San Clemente Island. The respondent has fixed the value at $43,508.50. The petitioner claims that it should be increased by $59,000.
On July 1, 1916, the petitioner purchased from the stockholders of the Wool Company its entire capital stock and on the same day the said leasehold was assigned to the petitioner. Simultaneously, the petitioner issued to Penwell and his associates its capital stock in the amount of $59,000, purporting to be in exchange for the value of the leasehold in excess of the amount designated as its value in the transaction with the Wool Company stockholders.
After an exhaustive survey and detailed scrutiny of the property subsequently purchased by the petitioner, Penwell and his associates decided that the purchase price of $225,000 originally named in the option was entirely too high and they refused to complete the transaction, preferring to forfeit the amount paid as a “binder.” The Wool Company reduced its price to $175,000, and the, sale was closed. The sum of $131,491.50 is established as the true value of the personal property. The Wool Company had expended about $45,000 in so-called improvements up to 1916, but we observe that some of this expenditure was applied on current items of maintenance and operation. We do not know by how much the value of the leasehold had been enhanced on account of increased capital assets. The thorough examination of the physical assets of the sheep ranch and the keen consideration of the potential value of the island, with its advantages and disadvantages of character, topography and accessibility, resulted in the decrease in the sale price of the leasehold, the value of the personal property being fixed. Necessarily, the unex *1266 pired term of the lease was an essential factor in arriving at such a conclusion.
At the time of the purchase sheep raising on San Clemente Island had not been a conspicuously successful venture. By independent and efficient management Penwell anticipated that he could develop it into a profitable business. He capitalized his hopes by issuing bonus stock of the par value of $59,000. The fact that the enterprise may or may not have proved successful at a later date does not establish the value of the property sold on July 1,1916.
The sale of the assets of the Wool Company was an arm’s-length transaction consummated after a reduction in price consequent upon a careful check and appraisal of the proiserty purchased. It serves as a definite measure of value. Furthermore, on January 15, 1917, over six months after the purchase, Penwell filed a capital stock return on behalf of the Wool Company. He executed the return as its vice president. In it the fair value of the stock as of June 30, 1916, was placed at $175,000, representing the basis on which the respondent allowed a valuation of $43,508.50 for the leasehold and improvements thereon. We believe that the respondent’s determination of value of the leasehold and improvements is consonant with the facts appearing in the record and we so hold.

Judgment will be entered for the respondent.