**STUART et al. v. HASSETT, Collector of Internal Revenue.**

Civil Action No. 993.

District Court, D. Massachusetts.

Nov. 19, 1941.

Charles M. Rogerson, of Boston, Mass., for plaintiffs.

Edmund J. Brandon, U. S. Atty., and George F. Garrity, Asst. U. S. Atty., both of Boston, Mass., Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe and James P. Garland, Sp. Assts. to Atty. Gen., for defendant.

FORD, District Judge.

This is an action by executors under the will of John R. Stuart to recover estate taxes alleged to have been illegally collected by the defendant.

### Findings of Fact.

The property in the gross estate after the executors' election that it be valued in accordance with subdivision (j) of Section 302 of the Revenue Act of 1935 was valued by adding to the value of the property, on the date one year after the decedent's death, the income, interest, and dividends received or accrued during the year intervening.

There was also included in the gross estate, in arriving at the tax assessed, the full value of real estate in North Scituate, Massachusetts, held by the decedent, his wife, and son, as joint tenants. This real estate was conveyed to the wife in 1908 by one Clark. The decedent furnished the entire consideration for this transfer. In 1926, Mrs. Stuart conveyed to a straw who immediately reconveyed to the joint tenants. The decedent never held title to this property in his own name.

The statute involved is Internal Revenue Code, Section 811, subdivisions (e) and (j), 26 U.S.C.A.Int.Rev.Code, § 811 (e) and (j), the relevant portions of which may be found in the margin.[1]

### Opinion

█ The inclusion in the value of the gross estate, one year after decedent's death, of interest and dividends received between the date of death and that date, was clearly wrong. The point is controlled by the recent decision of the Supreme Court of the United States in the case of Maass v. Higgins, 312 U.S. 443, 61 S.Ct. 631, 85 L.Ed. 940, 132 A.L.R. 1035. A refund of so much of the tax as resulted from inclusion of these sums in the gross estate should be granted.

The question whether the value of the property held at decedent's death by himself, his wife, and son, as joint tenants, should be included in the decedent's gross estate is one much more difficult of solution. Such authorities on the problem as exist are in conflict. In the case of McCrady v. Heiner, D.C., 19. F.Supp. 575, it was held that where the decedent had never held title to property held as joint tenants by himself and his wife at the time of his death, the fact that he originally paid the consideration for a transfer to his wife did not make the property includible in his gross estate under Section 811 (e). The court took the simple view that since the decedent was never the owner, his surviving spouse could not have received the property from the decedent and, therefore, the exception under the statute governed the case.

The Board of Tax Appeals, on the other hand, in the Estate of Edward T. Kelley v. Commissioner of Internal Revenue, 22 B.T.A. 421 and Elizabeth F. Bowditch, Executrix, v. Commissioner of Internal Revenue, 23 B.T.A. 1265, 1266, has taken an opposite position. In both of these cases the decedent paid for property to which title was taken in the wife's name. In the former case this property was exchanged for property to which title was taken jointly. In the latter, the wife conveyed to a straw who reconveyed to husband and wife, as joint tenants. In both cases the Board held that the property was includible in the es-

---

[1] "§ 811. Gross estate. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—

\* \* \*

"(e) Joint interests. To the extent of the interest therein held as joint tenants by the decedent and any other person, \* \* \* except such part thereof as may be shown to have originally belonged to such other person and never to have been received or acquired by the latter from the decedent for less than an adequate and full consideration in money or money's worth: Provided, That .where such property or any part thereof, or part of the consideration with which such property was acquired, is shown to have been at any time acquired by such other person from the decedent for less than an adequate and full consideration in money or money's worth, there shall be excepted only such part of the value of such property as is proportionate to the consideration furnished by such other person.

\* \* \*

"(j) Optional valuation. If the executor so elects upon his return (if filed within the time prescribed by law or prescribed by the Commissioner in pursuance of law), the value of the gross estate shall be determined by valuing all the property included therein on the date of the decedent's death as of the date one year after the decedent's death, \* \* \*."

tate of the decedent. The Board reasoned that the case was in essence the same as a case wherein the decedent originally owned the property himself and then deeded it to the survivor as a gift after which the survivor created the joint tenancy.

I believe the view taken by the Board of Tax Appeals to be the sounder. That to tax such property when held in joint tenancy as part of a decedent's estate was the intention of Congress appears from the words of the proviso clause of the statute: "That where such property * * * *or part of the consideration with which such property was acquired,* is shown to have been at any time acquired by such other person from the decedent for less than * * * full consideration * * * there shall be accepted only such part of the value of such property as is proportionate to the consideration furnished by such other person". (Italics mine.) Here, the survivor never acquired the property which was conveyed by her to the joint tenancy from the decedent but she did acquire it as a consequence of being furnished the consideration with which it was acquired by the decedent.

██ Property originally owned by decedent, later deeded to the survivor without consideration, then conveyed by the survivor to the joint tenancy, is properly included in the gross estate. Dimock v. Corwin, 2 Cir., 99 F.2d 799, affirmed sub nomine United States v. Jacobs, 306 U.S. 363, 59 S. Ct. 551, 83 L.Ed. 763. The only difference between that case and this is that here only the money with which the survivor obtained the property, later conveyed to the joint tenancy, was originally contributed by the decedent. The survivor has made no more contribution in this latter case than in the former. In one case, the decedent gives his property to the survivor; in the other, the decedent, by making payment for it, gives the property of a third person. The acquisition of the property can, in either case, be ultimately traced to the decedent. United States v. Jacobs, supra, 306 U.S. page 372, 59 S.Ct. 551, 83 L.Ed. 763. It is the intention of the statute to include that proportion of the property which is traceable to an outlay of funds which were in the first instance the decedent's own. See Treasury Regulations 80 (1934 Ed.) Arts. 22 and 23. The fact that the outlay of decedent's funds resulted in title being held in joint tenancy by decedent and others should be sufficient ground for levying an estate tax on the property so held at death even though the

decedent at no time had outright title, for property so held is prima facie part of the decedent's gross estate under the statute and it is for the taxpayer to prove himself within the exception. Bremer v. Luff, D. C., 7 F.Supp. 148.

Further, the exception in Section 811 (e) seems to apply to property which was "originally" contributed by the survivor. The property included in this decedent's gross estate was, as I see it, originally contributed by the decedent.

### Conclusions of Law

The inclusion in the gross estate of the income, interest, and dividends, received during the year after the decedent's death, was error, and judgment for the plaintiffs, with interest according to law, will be entered for the amount of tax paid on this account.

The inclusion in the gross estate of the value of the real estate held jointly by the decedent, his wife, and son, was proper, and no recovery of the tax paid may be had on this account.

No costs are awarded.