## PEOPLES–PITTSBURGH TRUST CO. v. UNITED STATES.

### No. 2525.

District Court, W. D. Pennsylvania.

March 30, 1944.

Wm. F. Knox and Moorhead & Knox, all of Pittsburgh, Pa., for plaintiff.

Chas. F. Uhl, U. S. Atty., of Pittsburgh, Pa., for United States.

SCHOONMAKER, District Judge.

This is an action against the United States to recover a part of the federal estate tax paid by plaintiff to the Collector of Internal Revenue of this District, not now in office.

The questions involved are:

1. Is the plaintiff, who elected to have the assets of the estate of Jacob Painter, Jr., valued for estate tax purposes as of one year after date of death, entitled to a refund on account of the inclusion in the gross estate of decedent of the sum of $17,713.75,—being the amount of dividends at $9.25 per share received by the estate during the year following the date of death of Jacob Painter, Jr., in payment of arrearages on nineteen hundred and

fifteen shares of United States Steel Corporation 7% cumulative preferred stock owned by the estate?

2. Is the plaintiff entitled to a refund on account of the payment to Moorhead & Knox of the sum of $5,000 additional attorney fee for services rendered by said firm in connection with the administration of the estate, no deduction for which has been allowed?

The case was heard on a stipulation of facts, which, briefly summarized, are as follows:

Jacob Painter, Jr., died on February 16, 1937, a resident of the City of Pittsburgh. Letters testamentary on his estate were duly issued to the plaintiff, who, on May 7, 1938, filed its federal estate-tax return with the Collector at Pittsburgh and paid the tax of $457,168.60 shown to be due thereby. In said return, plaintiff elected to have the property in the estate valued as of one year after the date of death.

On December 12, 1939, plaintiff paid to the Collector at Pittsburgh a deficiency in estate taxes, determined by the Commissioner of Internal Revenue in the amount of $71,278.16, together with interest thereon in the sum of $6,707.95, being a total of $77,986.11.

On February 27, 1940, plaintiff duly filed a claim for refund of estate taxes so paid by it in respect of the dividends and other questions not here involved. Said claim also included demand for refund on account of additional attorney fees then estimated at $7,500.

The Commissioner of Internal Revenue denied the claim in respect of said dividends and said attorney fees. This suit was thereupon instituted.

Prior to the filing of the suit, towit, on February 11, 1943, plaintiff paid to Moorhead & Knox the additional attorney fees in the sum of $5,000, which are stipulated to have been reasonable for the services rendered.

The dividends in question were paid to the plaintiff in May, June, July, and August of 1937. They were all declared after the date of decedent's death. Plaintiff was required to, and did, pay income tax on the entire amount of said dividends. The earnings and profits of United States Steel Corporation earned after the death of decedent were sufficient to pay all of said dividends from said earnings and profits.

The certificate of incorporation of the United States Steel Corporation, as well as its by-laws, provides that the dividends on its preferred stock shall be cumulative, and shall be paid before any dividends on the common stock shall be paid or set apart; so that, if in any year dividends amounting to 7% shall not have been paid, the deficiency shall be payable before any dividend shall be paid or set apart for the common stock. It is further provided that, in the event of liquidation, the holders of said preferred stock are entitled to receive the par amount of their shares and all unpaid dividends accrued thereon before any distribution may be made on the common stock.

The applicable statutes are Section 302(j) of the Revenue Act of 1926 as added by Revenue Act of 1935, c. 829, 49 Stat. 1022, 26 U.S.C.A. Int.Rev.Acts, page 231.[1]

---

[1] "If the executor so elects upon his return (if filed within the time prescribed by law or prescribed by the Commissioner in pursuance of law), the value of the gross estate shall be determined by valuing all the property included therein on the date of the decedent's death as of the date one year after the decedent's death, except that (1) property included in the gross estate on the date of death and, within one year after the decedent's death, distributed by the executor (or, in the case of property included in the gross estate under subdivision (c), (d), or (f) of this section, distributed by the trustee under the instrument of transfer), or sold, exchanged, or otherwise disposed of, shall be included at its value as of the time of such distribution, sale, exchange, or other disposition, whichever first occurs, instead of its value as of the date one year after the decedent's death, and (2) any interest or estate which is affected by mere lapse of time shall be included at its value as of the time of death (instead of the later date) with adjustment for any difference in its value as of the later date not due to mere lapse of time. No deduction under this title of any item shall be allowed if allowance for such item is in effect given by the valuation under this subdivision. Wherever in any other subdivision or section of this title or in Title II of the Revenue Act of 1932, reference is made to the value of property at the time of the decedent's death, such reference shall be deemed to refer to the value of such property used in determining the value of the gross estate. * * *"

744

■ It is our opinion that the dividends paid by the United States Steel Corporation during the year following the death of Jacob Painter, Jr., in payment of arrearages on nineteen hundred and fifteen shares of 7% cumulative preferred stock of that company owned by the estate, are not subject to tax, in view of the ruling by the United States Supreme Court in Maass, Executor v. Higgins, 312 U.S. 443, 61 S.Ct. 631, 85 L.Ed. 940, 132 A.L.R. 1035. See also Howard v. United States, D.C., 40 F.Supp. 697, 702; Stuart v. Hassett, D.C., 41 F.Supp. 905.

■ Then, too, defense counsel urges that the back dividends on the stock in question, which were paid within the year after decedent's death, were in the nature of a debt. This argument is not tenable. Back dividends never create a debtor-creditor relationship between the corporation and the stockholders. See Cook on Corporations, § 267, p. 765. No debt arises until the directors, in their discretion, declare a dividend. Nor does the amendment to Treasury Regulations, adopted after the opinion in Maass vs. United States, supra, change this situation. See Section 81.11 of Regulations 105.[2]

The dividends here in question were earned after decedent's death and during the optional valuation period, and did not, at the date of decedent's death, represent a form of included property. Therefore, they are to be excluded.

■ As to the deduction of the sum of $5,000 attorney's fees in connection with the administration of this estate, we are of the opinion they are reasonable in amount, and should be allowed as a proper deduction. In fact, counsel for the United States have agreed this is a proper deduction.

We therefore hold the plaintiff is entitled to judgment in its favor. An order for judgment may be submitted accordingly on notice to opposing counsel.

---

[2] "In valuing the gross estate under the optional valuation method, all of the property interests existing at the date of death which are a part of the gross estate as determined under the subsections of section 811 constitute the property to be valued as of one year after the date of the decedent's death, or as of the date of the decedent's death, or as of some intermediate date. Such property is hereinafter referred to as 'included property'. 'Included property' as of the date of the decedent's death remains 'included property' for the purpose of valuing the gross estate under the optional valuation method even though it is changed in form during the optional valuation period by being actually received, or disposed of, in whole or on part, by the estate. However, property earned or accrued (whether received or not) after the decedent's death and during the optional valuation period with respect to any property interest existing at the date of death, which does not represent a form of 'included property' itself or the receipt thereof, is to be excluded in valuing the gross estate at the subsequent valuation date and is hereinafter referred to as 'excluded property'. Among the items of 'included property' to be valued in accordance with these principles are the following: * * *"

"(4) Stock of a corporation.—Shares of stock in a corporation and dividends declared to stockholders of record on or before the date of the decedent's death and not collected at the date of death constitute 'included property' of the estate. Ordinary dividends out of earnings and profits, whether in cash or in shares of the corporation or in other property, declared to stockholders of record after the date of the decedent's death are 'excluded property' and are not to be valued under the optional valuation method. If, however, dividends are declared to stockholders of record after the date of the decedent's death with the effect that the shares of stock at the subsequent valuation date do not reasonably represent the same 'included property' or the gross estate as existed at the date of the decedent's death, such dividends are 'included property' except to the extent that such dividends are out of earnings of the corporation after the date of the decedent's death. For example, if a corporation makes a distribution in complete or partial liquidation to stockholders of record during the optional valuation period, the amount of such distribution received on stock included in the gross estate is itself 'included property' except to the extent that the distribution was out of earnings and profits since the date of the decedent's death. Another example is where a corporation, in which the decedent owned 50 per cent of the shares and which possessed at the date of the decedent's death accumulated earnings and profits equal to its paid-in capital, distributed all of its accumulated earnings and profits as a cash dividend to shareholders of record during the optional valuation period. In such a case the amount of the dividends received on stock includible in the gross estate will be included in the gross estate under the optional valuation method."