## O'NEAL'S ESTATE et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 12443.

United States Court of Appeals
Fifth Circuit.

Oct. 26, 1948.

218

C. Baxter Jones and Charles M. Cork, both of Macon, Ga., and M. E. Kilpatrick, of Atlanta, Ga., for petitioners.

Melva M. Graney, Geo. A. Stinson, Ellis N. Slack and Carlton Fox, Sp. Assts. to Atty. Gen., Theron L. Caudle, Asst. Atty. Gen., and Charles Oliphant, Chief Counsel, and C. E. Lowery, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before HUTCHESON, Chief Judge, and McCORD and WALLER, Circuit Judges.

McCORD, Circuit Judge.

This is a petition for review of a decision of the Tax Court entered December 8, 1947, assessing a deficiency against the estate of Benjamin Paschal O'Neal in the amount of $47,475.51, pursuant to Section 1141(a) of the Internal Revenue Code, as amended, Title 26 U.S.C.A. § 1141(a).

The sole question presented is whether the Tax Court properly held that a transfer in trust by decedent for the benefit of his wife on December 19, 1934, was made "in contemplation of death", within the meaning of Section 811(c) of the statute. Title 26 U.S.C.A. § 811(c).

The applicable statute and regulation involved, insofar as they are pertinent to this appeal, are as follows:

"Sec. 811. Gross estate.

·"The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, * * * * *

"(c) Transfers in contemplation of, or taking effect at death.

"To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of * * * his death, * * *."

Treasury Regulation 105, promulgated under the Internal Revenue Code:

" * * * Sec. 81.16 Transfers in contemplation of death.

"Transfers in contemplation of death made by the decedent after September 8, 1916, other than bona fide sales for an adequate and full consideration in money or money's worth, must be included in the gross estate. A transfer in contemplation of death is subject to the tax although the decedent parted absolutely and immediately with his title to, and possession and enjoyment of, the property. * * * A transfer in contemplation of death is a disposition of property prompted by the thought of death (though it need not be solely so prompted). A transfer is prompted by the thought of death if it is made with the purpose of avoiding the tax, or as a substitute for a testamentary disposition of the property, or for any other motive associated with death. The bodily and mental condition of the decedent and all other attendant facts and circumstances are to be scrutinized to determine whether or not such thought prompted the disposition. * * *."

The material facts involved, some of which were stipulated and some found by the Tax Court, are without substantial dispute. Decedent died testate on December 24, 1940, at the age of eighty-two. On December 19, 1934, when he was 76 years old and apparently in good health, he had executed four trust agreements in favor of his wife, son, and two daughters, respectively. Petitioners were named trustees of each trust, the corpus of each of which consisted

largely of stocks and bonds. All of the trust agreements were created at the same time, and contained practically similar provisions.

The trust agreement for the wife transferred securities of the value of $124,194.33, and provided that the income therefrom should be paid to her each year in installments of $350 per month, with the balance payable at the end of the year. Decedent reserved to himself during his lifetime control over the sale and purchase of securities constituting the corpus of the trust, with the right to make additions thereto, but renounced all power to revoke the trust or to repossess the property transferred.

Simultaneously upon the execution of the four trust agreements, decedent also executed a new will, in which he created a testamentary trust leaving the residue of his estate to his wife and children under substantially the same conditions as those contained in the trust agreements. It was shown that the value of all property transferred under the four trusts constituted only about one-half of his entire estate.

For a number of years before the trust agreements were executed, all three of decedent's adult children were primarily dependent upon him, and he had consistently provided for them in substantial amounts. His declared purpose in setting up the trusts for his children was to provide each of them with a steady income equal to, and in lieu of, his former annual contributions. He expressed this purpose to each of his children, to the trust officer of the bank acting as trustee, and to the lawyer who drafted the trust agreements. The trusts were not of equal value or income, but were in each case a reasonable approximation of decedent's payments to his children for their maintenance in prior years. The children were informed that the income from the trusts was to provide for them in the future, and that they would have to live within the income created thereby. After the trust agreements were executed, decedent made relatively few further contributions and gifts to his children for their support.

The Commissioner determined that all four of the transfers in trust made by dece-

dent should be included in his gross estate for federal estate tax purposes, for the reason they were made by him in contemplation of death, "or in lieu of disposition by his last will and testament." The Tax Court affirmed the Commissioner's ruling only insofar as he had included the transfer in trust for the benefit of the wife in the decedent's gross estate, holding that the three transfers in trust for the children obviously were motivated by a purpose and intention to provide income for them, a motive associated with life rather than with death, and hence that these transfers were not made in contemplation of death within the meaning of the statute. It further held that the transfer in trust for the benefit of the wife was made in contemplation of death because, unlike the case of the trusts for the children, the decedent did not reveal any motive for the trust in favor of the wife, and that none appeared. It therefore approved the Commissioner's determination in this regard for lack of evidence, and petitioners here seek a review of that ruling. The Commissioner has not appealed.

██ We are of opinion the Tax Court properly held the transfer in trust for the benefit of the wife was made in contemplation of death, within the meaning of Section 811(c). 26 U.S.C.A. § 811(c). We find no merit in taxpayer's contention that because the Tax Court excluded the trusts for decedent's children from his gross estate, it was likewise bound to exclude the trust for the wife. The further contention that decedent created the trust in favor of his wife while motivated by a desire to equalize the gifts between her and the children is not borne out by the evidence. While his intention to provide for the future income and support of his children through trusts in their favor was clearly shown, there is no direct or substantial evidence whatever as to the motive prompting decedent in making the transfer to his wife. We are not permitted to speculate and indulge the inference that decedent was prompted by the same motives in creating the trust for his wife as he was in creating the trusts for his children. In view of his advanced age and simultaneous execution of the new will at the time the trusts

were created, the burden of proof to establish a motive which would exclude the transfer to the wife was upon his estate, and it has clearly failed to meet that burden. First Trust & Deposit Co. v. Shaughnessy, 2 Cir., 134 F.2d 940; Farmer's Loan & Trust Co. v. Bowers, 2 Cir., 68 F.2d 916. Moreover, it has been repeatedly held that where a decedent creates a substitute for a testamentary disposition of his property, instead of permitting it to pass under his will or under the intestacy laws, he is thereby making a transfer in contemplation of death within the meaning of the statute. United States v. Wells, 283 U.S. 102, 51 S. Ct. 446, 75 L.Ed. 867; City Bank Farmers Trust Co. v. McGowan, 323 U.S. 594, 65 S. Ct. 496, 89 L.Ed. 483; Allen v. Trust Co. of Georgia, 326 U.S. 630, 66 S. Ct. 389, 90 L. Ed. 367; Humphrey's Estate v. Commissioner, 5 Cir., 162 F.2d 1; In re Kroger's Estate, 6 Cir., 145 F.2d 901.

We find no reversible error in the record, and the judgment is therefore affirmed.