### HARVEY v. UNITED STATES.
#### No. 10110.

United States Court of Appeals, Seventh Circuit.

Nov. 30, 1950.

Theron L. Caudle, Asst. Atty. Gen., Ellis N. Slack, Washington, D. C., Otto Kerner, Jr., John A. Looby, Jr., U. S. Attys., Chicago, Ill., Lee A. Jackson, Louise Foster, Sp. Assts. to Atty. Gen., for appellant.

W. M. Keeley, Carl Schulz, Max Bloomstein, Jr., Anan Raymond and Edmond S. Sager, Chicago, Ill., Poppenhusen, Johnston, Thompson & Raymond, Chicago, Ill., of counsel, for appellee.

Before MAJOR, Chief Judge and DUFFY and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

Plaintiff, as executrix of the estate of her deceased husband, Arlington C. Harvey, filed an estate tax return showing no tax due. The Commissioner assessed a deficiency in the amount of $32,151.30, which, with interest, she paid under protest. Her claim for refund having been rejected, she instituted suit in the District Court for recovery of the tax paid, and obtained judgment. The principal contention of the government on appeal is that the trial court erred in de-

ciding that certain property held by plaintiff and her husband in joint tenancy came within the scope of the exception contained in Section 811(e) of the Internal Revenue Code, 26 U.S.C.A. § 811(e), and, consequently, was not part of the decedent's taxable estate.

Section 811(e) provides that the gross estate of a decedent shall include the value at the time of his death of all property held as joint tenants by the decedent and any other person, "except such part thereof as may be shown to have originally belonged to such other person and never to have been received or acquired by the latter from the decedent for less than an adequate and full consideration in money or money's worth: Provided, That where such property or any part thereof, or part of the consideration with which such property was acquired, is shown to have been at any time acquired by such other person from the decedent for less than an adequate and full consideration in money or money's worth, there shall be excepted only such part of the value of such property as is proportionate to the consideration furnished by such other person * * *."

The tax return disclosed that the decedent was, at the time of his death, joint owner with his wife of property of the value of $200,709.78. Plaintiff asserted the right to deduct $143,450 from the gross value, because of contributions made by the wife, out of "funds and property separately owned" by her, in acquisition of the jointly held property. However, the Commissioner determined that the entire value of the jointly owned property, $201,859.78, should be included in the decedent's gross estate, on the basis of his finding that all of the property was held in joint tenancy and that no part thereof had been shown to have belonged originally to the wife and never to have been received or acquired by her from the decedent for less than an adequate consideration in money or money's worth.

The stipulation of facts and the District Court's findings disclose that the decedent had, from time to time, made gifts of money and property to his wife, which, through successive investments, sales and reinvestments with resulting gains, had been transmuted into other property. The wife was at no time gainfully employed and had no property at the time of her marriage. In other words, the only assets acquired or owned by her were those given her by her husband, plus the profits and income produced by them, in either their original or converted forms, and the wife's contributions toward acquisition of the property which she held in joint tenancy with her husband at the time of his death, of necessity, emanated from these sources. The jointly held property is not the gift property itself, in either its original or transmuted form, but property traceable to (1) the profits made through sales of the original gift property and successive reinvestments of the proceeds of such sales or (2) the rents, interest and dividends produced by such property in its original or converted form, while title thereto was in the wife. The question presented by this appeal, then, is whether such profits and income, realized from property originally received by the wife as a gift from her husband and traceable into property which was held by them as joint tenants at the time of the husband's death, come within the exception to the requirement of Section 811(e) that the entire value of property held in joint tenancy shall be included in the decedent's gross estate.

The District Court, disapproving the stand taken by the Commissioner, held the profits and income from the gift property to be within the exceptions set forth in Section 811(e), reasoning that profits on resale of property given to and thereafter owned by the wife, dividends on stock, rentals from real estate and interest on bonds, from all of which sources came the money and property contributed by the wife to the jointly held property, were "her own income"; that such profits and income, received by her when she held full title to the stocks, real estate, bonds and property which produced them, were not received or acquired by her from her husband within the meaning of Section 811(e), but constituted accumulated income from property "separately owned" by decedent's wife within the meaning of the

Code and Section 81.23 of Treasury Regulations 105.

If the government's contention that the Commissioner correctly determined that the full value of the jointly owned property should have been included in the decedent's gross estate for estate tax purposes is to prevail, it must show (1) that, at least for the purposes of Section 811(e) of the Internal Revenue Code, profits and income which are produced by gift property subsequent to the making of the gift do not belong "originally" to the donee but are "received or acquired" by her from the donor, for the statute expressly exempts such part of the jointly held property as "originally" belonged to the surviving joint tenant and was not "received or acquired" by her from the decedent for less than an adequate and full consideration, or, in the alternative, (2) that the words "or produced by property which had been received or acquired" be read into the statute, so that the exception clause of Section 811(e) would read: "except such part thereof as may be shown to have originally belonged to such other person and never to have been received or acquired or *produced by property which was received or acquired* by the latter from the decedent for less than an adequate and full consideration in money or money's worth * * *". The cases relied on by the government fall short, we think, of establishing either of these postulates.

In Tyler v. United States, 281 U.S. 497, 50 S.Ct. 356, 74 L.Ed. 991, the Supreme Court, in sustaining Sections 201, 202 and 401, 402, of the Revenue Acts of 1916 and 1921, the forerunners of the present Section 811(e) of the Internal Revenue Code, against attacks of unconstitutionality, held only that it was not arbitrary, capricious or violative of the due process clause of the Fifth Amendment to require that there be included in the gross estate of a decedent the total value of the property held by him and another as tenants by the entirety, the specific property having come to the tenancy as a gift from the decedent. Dimock v. Corwin, 306 U.S. 363, 371-373, 59 S.Ct. 551, 83 L.Ed. 763, and Fernandez v. Weiner, 326 U.S. 340, 66 S.Ct. 178, 90 L.Ed. 116, likewise involve questions of constitutionality, the former holding that the statutory provision here involved was applicable and, when so applied, constitutional where the property held in joint tenancy had originally been received by the surviving joint tenant, *prior to the passage of the statute,* as a gift from the decedent, and the latter upholding the constitutionality of Section 811(e) (2) of the Code (relating to the taxation of community property), which has since been repealed. 62 Stat. 116. These cases, although perhaps persuasive of the proposition that a statute requiring inclusion in the gross estate of a decedent of all property held in joint tenancy by the decedent and any other person, irrespective of the source of the property so held, would not be unconstitutional, certainly do not justify us in saying that this statute, as written, is to be interpreted as the government contends it should be in the instant case.

Hornor's Estate v. Commissioner, 3 Cir., 130 F.2d 649 and Stuart v. Hassett, D.C., 41 F.Supp. 905, also relied on by the government, are decisions which go no further than to apply the provisions of Section 811(e) to cases which fall clearly within its orbit. In the first of these cases, it was held that the entire value of property owned by the decedent and his wife as tenants by the entirety was taxable to the decedent's estate, his wife having contributed to the tenancy nothing other than property given her by the decedent, while in the Stuart case it was held that, where the decedent paid for property to which title was taken in his wife's name, and that property was subsequently conveyed by the wife to a straw who reconveyed to the decedent and his wife as joint tenants, the entire value of the property was taxable to the decedent's estate. And, finally, Estate of Howard v. Commissioner, 9 T.C. 1192, the only cited case which deals with the precise question presented by this appeal, held that, of the jointly owned property there involved, that portion which was shown to have been purchased out of dividends received by the wife on stock which the decedent had previously given her was within the exception set out in

Section 811(e), the Tax Court thus rejecting the interpretation there urged by the Commissioner, which is, of course, the very interpretation now pressed by the government.

It seems clear that none of the cases cited contains any support for the novel proposition that income produced by gift property, after the gift has been completed, belongs to the donor and is property received or acquired from him by the donee; nor is there, in these cases, anything to impeach the conclusion of the trial court, or that of the Tax Court in the Howard case, that the income produced by property of any kind belongs to the person who owns the property at the time it produces such income and does not originate with a donor who has made a completed gift of that property prior to its production of the income. Similarly, they fail to sustain the contention that the statute should be interpreted as excepting from inclusion in the gross estate such part of the jointly held property "as may be shown to have originally belonged to such other person and never to have been received or acquired *or produced by property which was received or acquired* by the latter from the decedent for less than an adequate and full consideration in money or money's worth." As a matter of fact, the Dimock case, 306 U.S. 363, 373, 59 S.Ct. 551, 556, 83 L.Ed. 763, in which the Supreme Court refused to read into the statutory exception the words "after the passage of this Act" (which would have had the effect of bringing within the exception property which had been received by the surviving joint tenant as a gift prior to the enactment of the statute), clearly advises us that we are not justified in reading into the statute a provision which the Congress did not see fit to insert.

Although it concedes that the case of Estate of Howard v. Commissioner, 9 T.C. 1192, supports the decision of the District Court insofar as it relates to dividends, rentals and interest, the government contends that the case "apparently" supports its position with respect to profits derived from the sale of property previously received by the surviving joint tenant as a

gift from the decedent. This contention is founded on the court's statement that "If the proceeds from the sale of this stock had been deposited in the joint bank account, that would be another matter." Placing these words in context, however, it is obvious that all the Tax Court was saying was that if gift property is converted into another form of property, which is then placed in joint tenancy, the converted property is not within the exception provided for in Section 811(e); its statement can not logically be interpreted as meaning that "profits" or "gains," as distinguished from "proceeds" or "property received in exchange," do not fall within the scope of the exception. Moreover, no reason is suggested for holding that one form of income, *i.e.,* "profit gained through a sale or conversion of capital assets," Eisner v. Macomber, 252 U.S. 189, 207, 40 S.Ct. 189, 64 L.Ed. 521, is outside the exception, whereas other forms of income, such as dividends, rentals and interest, fall within its terms. It follows that the government's contention that the full value of the property held in joint tenancy by decedent and his wife at the time of his death should have been included in decedent's gross estate must be rejected.

The government also insists that the findings of the District Court as to the amounts contributed by the wife to the jointly held property are clearly erroneous. The burden of the argument is that, because certain pieces of property, which were mentioned in the findings of fact as having been contributed by the wife out of her own income and gains and a certain bank account which was found to be of indeterminate origin, were not expressly referred to in the conclusions of law, it can not be said what the court's ruling was with respect to such property. However, an examination of the findings and conclusions demonstrates that this argument is without merit. In paragraph C of its conclusions, the court stated that "The contributions by Mrs. Harvey to the acquisition of property which was assessed and taxed against the estate * * * were from her own income * * *,"

and, in paragraph D, the court concluded that this income had not been received or acquired by her from the decedent within the meaning of Section 811 (e). From these two conclusions, standing alone, it would seem clear that, giving due regard to the provisons of the statute itself, each item of property which, in the findings, was determined to have been contributed by the wife out of her own income and gains would have been excluded from the decedent's gross estate, and that each item not found to have been so contributed, in whole or in part, would have been included in its entirety. These two conclusions do not, however, stand alone; paragraph M, in which the court states that "By recomputing the tax, with effect given to the findings and conclusions, and *deducting the amounts contributed by Mrs. Harvey from her income,* the net estate of Mr. Harvey for taxation is less than the statutory exemption of $60,000" (emphasis supplied), makes it clear beyond doubt that the District Court deducted only those items of jointly held property which were found to have been contributed by the wife out of her own income, which deductions were, of course, authorized by the statute, as we interpret it.

A further contention is that the record clearly shows that the decedent made gifts to his wife of a total value of $65,356, which can be traced into the jointly owned property, and that this fact alone shows that the court below erred in concluding that "the net estate of Mr. Harvey for taxation is less than the statutory exemption of $60,000." The conclusive answer to this assertion is that, although the record does show that the decedent made the gifts referred to, the District Court, in finding that "The contributions by Mrs. Harvey * * * were from her own *income* * * *" [86 F.Supp. 609, 617] (emphasis supplied), necessarily impliedly found that the *gifts* made to her by the decedent were not traceable into the jointly held property. While it may well be that the record would have supported the inference that the gifts were traceable into the property held in joint tenancy, the court had before it evidence sufficient to sustain the contrary inference and, by virtue of the provisions of Rule 52 of the Federal Rules of Civil Procedure, 28 U.S. C.A., to make it binding on this court.

■■ The trial court's conclusion that certain certificates of shares having an aggregate value of $75,000, along with some farm equipment valued at $10,250, were owned by the decedent and his wife as tenants in common rather than as joint tenants is also attacked. Six of the certificates were payable to "A. C. Harvey or Elizabeth Harvey"; three to "either A. C. or E. C. Harvey"; and the remaining four to "A. C. Harvey and/or E. C. Harvey." The government argues that in each instance, the quoted language satisfies the requirements of the Illinois statute which abolished the right of survivorship as between joint owners of personal property (excepting executors and trustees) and converted joint tenancies into tenancies in common in all cases except those in which there is a "will or other instrument in writing expressing an intention to create a joint tenancy in personal property with the right of survivorship". Ill.Rev.Stat. Ch. 76, Sec. 2. With respect to the farm equipment, it is the government's position that, since it was purchased with funds drawn from a joint bank account, it too was held in joint tenancy. The United States also relies on the fact that, on the tax return, the wife as executrix, listed the certificates and the farm equipment as jointly owned property, but this fact is of no avail to the government, for the form of ownership of property is not determined by the manner in which it is listed on a tax return but by reference to the state law applicable thereto. Greenwood v. Commissioner, 9 Cir., 134 F.2d 915. And, in view of the provisions of the applicable Illinois statute, it is evident that the District Court correctly held that the farm equipment, as to which there was no written instrument of any kind to satisfy the statutory requirement, was owned by the decedent and his wife as tenants in common. Thus, the only question is whether the language of the certificates can be said to express "an intention to create a joint tenancy in

personal property with the right of survivorship."

■ That the Illinois courts do not regard the term "either * * * or" as sufficiently expressive of an intention to create a joint tenancy is clear from the decision in Lindner & Boyden Bank v. Wardrop, 370 Ill. 310, 18 N.E.2d 897, which involved a certificate of deposit which read, "William Wardrop or Bertha Nash has deposited in this bank seven hundred fifty and no/100 dollars payable to the order of either of them * * *." The court, stating that "no question of survivorship arises since the certificate does not so provide," held this language insufficient to create a joint tenancy. The same result was reached where certificates were issued in the names of a husband and wife and made payable to either of them. Engelbrecht v. Engelbrecht, 323 Ill. 208, 153 N.E. 827. Illustrative of the marked reluctance of the Illinois courts to allow creation of a joint tenancy in personal property is the recent case, In re Wilson's Estate, 404 Ill. 207. 88 N.E.2d 662, 663, Note 45, Ill.L.Rev. 285, in which the state Supreme Court held that no joint tenancy existed with respect to the contents of a safe deposit box, though the lease card for the box bore the words "as joint tenants with the right of survivorship and not as tenants in common" and the box itself contained a note written by the husband stating that the money which was in the box was held in joint tenancy by his wife and himself. Thus, it seems clear that the District Court correctly determined that, under the law of Illinois, the certificates were held by the decedent and his wife as tenants in common and not as joint tenants.

■ The government has suggested that, even though it is held that the decedent and his wife owned the certificates and the farm equipment as tenants in common, still it was incumbent on the wife to show the amount contributed by her in the acquisition of this property and that only such amount may properly be deducted from the decedent's gross estate; consequently, it cites as error the District Court's allowance of the deduction of one half the value of the aforementioned property. The fallacy in this argument is that the provisions of Section 811 (e) of the Code are not applicable to property held in tenancy in common. See Treasury Reg. 105, Section 81.22. Therefore, since it is the law of Illinois, that, absent evidence to the contrary, tenants in common take equal shares, Keuper v. Mette's Unknown Heir, 239 Ill. 586, 592, 88 N.E. 218, the allowance of the deduction of one-half the value of the property so held was entirely proper.

■ A final contention is that the trial court erred in failing to include in the decedent's gross estate (1) the Evanston residence at the $16,500 valuation placed thereon by the Commissioner, and (2) a $500 group insurance policy carried on the decedent's life by his employer. The government's position with respect to these items appears to be over-meticulously technical, for, although the court did not expressly find that these items should be included in decedent's gross estate, it seems clear that such a finding is implicit in its statement, in paragraph M of its conclusions of law, that it recomputed the tax, not by failing to include any of the items included by the Commissioner, but by deducting the amounts found to have been contributed by Mrs. Harvey from her income. Moreover, assuming *arguendo* that the court below excluded the proceeds of the insurance policy and valued the Evanston residence at $15,450 rather than $16,-500, there would be added to the decedent's net estate only $1,550, which would not have the effect of raising it above the $60,000 statutory exemption.[1] Thus, the error, if any, was not prejudicial.

The judgment is affirmed.

---

1. This can be verified by taking the Commissioner's total valuation, which, of course, included the proceeds of the insurance policy and the $16,500 valuation for the Evanston residence, and deducting therefrom the value of the items of jointly owned property found to have been contributed by Mrs. Harvey and

half the value of the property held in tenancy in common. From the resulting figure, which represents the gross estate for tax purposes, the funeral expenses and claims against the estate must be subtracted to obtain the net estate for tax purposes.

$201,859...Commissioner's total valuation
   15,000...Certificates 1, 2 and 3 (Tr. 251)
   37,500...½ the value of Certificates 4, 5, 6, 7, 8, 9, 10, 11, 12, 14, 15, 16 & 22 (Tr. 257)
   21,000...70% of value of Certificates 13, 17, 18, 19, 20 & 21 (Tr. 251)
   5,000...Certificate 23 (Tr. 252)

   5,000...Certificate 24 or 25 (Tr. 253)
   5,125...½ value of farm equipment (Tr. 257)
  15,450...Evanston residence (Tr. 248)
  30,000...Wisconsin farm (Tr. 249)
   2,000...North Prairie property (Tr. 252)
   2,131...Genesee bank account (Tr. 252)
      —

138,206

  63,653...Gross estate for tax purposes
   6,119...Funeral expenses and claims against estate (Tr. 257)

  57,534...Net estate for tax purposes.