ESTATE OF A. CARL BORNER, DECEASED, BERTHA J. BORNER, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 39669.    Filed December 20, 1955.

*Robert R. Batt, Esq.*, for the petitioner.
*Edward Pesin, Esq.*, for the respondent.

OPINION.

MULRONEY, *Judge:* Decedent and his wife, Bertha J. Borner, both being then 62 years old, made a transfer in trust of stock and securities owned by them as tenants by the entireties. At the date of such transfer, May 18, 1938, this property had a value of $85,140.41, and at the optional valuation date (sec. 811 (j)), the value was $102,818.31. Consideration for the stock and securities owned by decedent and his wife as tenants by the entireties had been furnished by the decedent alone. The trust was irrevocable, and the settlors reserved the income for the joint lives and for the life of the survivor. At the time of the transfer, decedent was suffering from Parkinson's disease. This malady had afflicted him since 1927, when he had been informed by physicians of its progressive nature. By 1936 the decedent's condition made it impossible for him to continue his business and by May 18, 1938, the date of the transfer, he was incapable of speaking intelligibly,

or of walking, and he was cared for constantly by a servant. Decedent's will, executed on June 30, 1938, left all his property to his wife, but if she predeceased him, all of his property was to go into the trust of May 18, 1938.

The nature of the transfer in trust, together with the almost concurrent execution of a will by decedent, and the age and illness of decedent at such time, all point to a plan, testamentary in nature, in which motives associated with death appear uppermost. *Estate of O'Neal* v. *Commissioner*, 170 F. 2d 217, affirming Memorandum Opinion of this Court. We conclude under these circumstances that the transfer in trust made by decedent was in contemplation of death under section 811 (c). It is also clear the transfer is taxable under 811 (c) in that it is "a transfer by trust * * * under which he [transferor] has retained for his life * * * the right to the income from the property."

Petitioner next makes the argument that if the tranfer in trust was made in contemplation of death, then only one-half the value of the property so tranferred must be included in his gross estate. Respondent contends the entire value of the property should go into the gross estate.

Section 811 (c) of the 1939 Internal Revenue Code includes in the gross estate the value of any property "To the extent of any interest therein * * * of which * * * [decedent] has at any time made a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (1) the possession or enjoyment of, or the right to the income from, the property * * *." Petitioner makes the contention that decedent's interest in the property transferred to the trust extended only to one-half of such property. He relies upon *Estate of Sullivan* v. *Commissioner*, 175 F. 2d 657, reversing 10 T. C. 961, and *Estate of Brockway* v. *Commissioner*, 219 F. 2d 400, affirming on other issues 18 T. C. 488. Both of these cases involved transfers of property held by a husband and wife as joint tenants to a third party, and the issue common to both cases was whether such transfer, being in contemplation of death, brought into the husband's gross estate, at death, the entire value of the property so tranferred, or only one-half. In *Estate of Sullivan*, *supra*, the Ninth Circuit, reversing the Tax Court, held that only one-half the property transferred by the decedent was includible in his gross estate. Decedent, under the law of California, possessed only a half interest in the jointly held property, and therefore, this was all he was able to convey. We adopted this analysis in *Estate of Brockway*, *supra*, as a correct interpretation of section 811 (c).

We agree with petitioner that the rationale of the *Sullivan* and *Brockway* cases is applicable here. It is true that these cases involved

joint tenancies, while here the property transferred was held in a tenancy by the entireties. Differences do exist between the two estates but such differences are not sufficient to compel unlike tax results under the provisions of section 811 (c). The only difference is a tenancy by the entireties is based on the ancient common law fiction that husband and wife are one, and the right of survivorship cannot be destroyed without mutual consent, while in a joint tenancy one tenant, by transferring, can destroy the survivorship right. We conclude as a practical matter, the tenancy by entirety and joint tenancies are so much alike that the rule applied in the joint tenancy cases should be applied here where the tenancies are by the entirety, which means each tenant owns one-half. This conclusion does not rest upon any peculiarities of Pennsylvania property law. Pennsylvania law, while determinative of the nature of property rights in joint tenancies and tenancies by the entireties, cannot control the application of the Federal tax statutes to such property rights.

We are fortified in our conclusion that practicalities should govern by a fairly recent opinion of the Supreme Court of Pennsylvania. In *In re Zipperlein's Estate*, 367 Pa. 622, 80 A. 2d 817, the Pennsylvania court had before it a case where there was a devise of property to a decedent's stepson and his wife and the question was as to the rate of inheritance tax on the value each received. The Pennsylvania court recognized the distinction between estates by entirety and joint estates but applied its tax law in a practical manner saying:

in considering, from a practical standpoint, the question as to the proper tax to be imposed under the 1919 Act, the stepson and his wife must be regarded as each having a one-half interest in the bequest, with the result that the tax on his half share will be at the rate of 2% and the tax on her half share at the rate of 10%.

Respondent relies upon *Estate of William MacPherson Hornor*, 44 B. T. A. 1136, affd. 130 F. 2d 649, for the proposition that the entire value of property transferred by a husband and wife, holding as tenants by the entireties, to an irrevocable trust, with income reserved for their joint lives, then for the life of the survivor, was includible in decedent's gross estate. We believe that case is distinguishable on its facts. In the *Hornor* case, the trust set up by the tenants by the entireties not only reserved, as here, the income for their joint lives and the life of the survivor, but also left in the hands of the settlors a joint power of revocation, modification, and withdrawal exercisable during their joint lives. In the present case, the trust is irrevocable, and without powers of modification, and therefore we do not regard the *Hornor* case as controlling.

We conclude that the transfer made by petitioner and his wife, as tenants by the entireties, of property to an irrevocable trust, with the

income reserved for their joint lives and for the life of the survivor, was a transfer made in contemplation of death within the meaning of section 811 (c), and that one-half of the value so transferred in trust shall be included in decedent's gross estate.

Reviewed by the Court.

*Decision will be entered under Rule 50.*