OPINION. Mulroney, Judge: The only question in this case is the amount of property which was the subject of a transfer in decedent’s lifetime, that will be included in his gross estate under section 811 (c). Decedent and his wife held certain securities as tenants by the entireties, which securities had all been purchased originally with decedent’s own funds. In 1945 they transferred the securities from themselves as tenants by the entireties to themselves individually in equal shares. It is practically admitted the 1945 transfer was in contemplation of decedent’s death, which occurred in 1947. The respondent included in the deceased husband’s estate the entire value of the securities held by decedent and his wife as tenants by the entireties in 1945 before the transfer. Petitioner contends only one-half of the value of the entirety property would be includible in decedent’s estate, and, since the transfer placed one-half of the entirety property in him outright, no additional share would be includible in his estate under section 811 (c). We are of the opinion petitioner is right. Section 811 (c) makes certain property which the decedent transferred before death, includible in his gross estate, to the extent of decedent’s “interest therein.” In all cases under this statute the first inquiry is as to the extent of decedent’s interest in the property transferred. We have given the statute a practical application with respect to the transfers of property held by husband and wife as tenants by entirety. We recently held in Estate of A. Carl Borner, 25 T. C. 584, where there was such a transfer of entirety property to an irrevocable trust, the husband’s interest in the property transferred was one-half and no more than that amount was includible in his estate when he died. The same result follows when each of the tenants by entirety transfers to each other in equal shares. Again the first inquiry is as to the extent of the decedent’s interest in the property transferred. Since we held that interest to be one-half when the transfer by the husband and wife was to a trust, it is no greater than that when the transfer of the entirety property was to each other in equal shares. They emerge from the transfer with each owning one-half of the property outright, so here one-half will be includible in the husband’s estate when he dies. The interest of each in the entirety property at the time of the transfer is not increased by virtue of the fact the transfer is to each other and not to a trust or third party. The case is ruled by Estate of A. Carl Borner, supra. Since respondent states there are other uncontested adjustments, Decision will be entered wader Bule 50.