SARAH HELEN HARRISON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 25875. Promulgated February 18, 1952.

*Hover T. Lentz, Esq.*, and *F. Tillman Brownne, C. P. A.*, for the petitioner.
*Marvin E. Hagen, Esq.*, for the respondent.

OPINION.

JOHNSON, *Judge:* In the first issue, petitioner alleges respondent erred in disallowing the exclusion of the present worth of future income tax payments from the gross value of gifts in determining the net value of petitioner's gifts subject to gift tax. Respondent contends that the present value of petitioner's right to have her future income tax paid by the trustee may not be deducted from the gross value of the gifts to the trusts, since the value of the right could not be ascertained by recognized actuarial methods.

By the provision in Trust No. 1, that the trustee "shall also pay and discharge * * *, each year during the remaining lifetime of Settlor, her entire liability for Federal and State income taxes," petitioner reserved or retained a valuable and enforceable right in this trust. Cf. *Old Colony Trust Co.* v. *Commissioner*, 279 U. S. 716, 729. The payment of petitioner's income tax is not discretionary; but rather, as spelled out in the trust agreement, the payment is an enforceable obligation of the trustee.

Respondent does not deny that the payment of petitioner's income tax is a retained interest, but he takes the position under the theory of *Robinette* v. *Helvering*, 318 U. S. 184, affirming 129 F. 2d 832, and 44 B. T. A. 701, that such an interest could not be ascertained by any recognized actuarial methods. It is, of course, impossible to foretell with mathematical accuracy the amount of the future Federal and state income tax payments which have to be paid under the terms of the trust agreement within the lifetime of petitioner. However, of a certainty, we know that some tax payments will be required. Since the adoption of the Sixteenth Amendment to the Constitution, Federal income taxes have become a permanent and growing part of

our economy, and there is no likelihood that such taxes will not continue to be imposed throughout the life expectancy of petitioner.

Even though difficult to ascertain, an estimate of petitioner's present right to have her future income tax paid should be made. We note the words of Judge Learned Hand, as expressed in *Commissioner* v. *Maresi*, 156 F. 2d 929, affirming 6 T. C. 582, wherein a Tax Court evaluation was sustained:

> We are dealing with speculation as to the future on a subject which at best admits of no accurate determination. * * * The one sure way to do injustice in such cases is to allow nothing whatever upon the excuse that we cannot tell how much to allow. It is true that in earlier times the law preferred inaction to uncertainty, being sensitive to all that disturbed possession; although the certainty with which it was satisfied, was even then factitious in numberless situations which had no more than the sanction of custom. However, although the demand for certainty has become less exacting, we agree that there is still a limit; indeed, *Robinette* v. *Helvering*, *supra*, 318 U. S. 184, * * * is authoritative to the contrary. * * *

Our case, like the *Maresi* case, has not approached the *Robinette* limit. In the *Robinette* case the taxpayer attempted to evaluate a contingent reversionary remainder. The possibility of the reversion to the settlor was highly remote, and the courts found that the value of this interest could not be ascertained. In the instant case petitioner's right is a present interest with an immediate and substantial value, as distinguished from the contingent interest in the *Robinette* case. There, the contingency was based upon the highly speculative uncertainty as to whether or not a woman would marry, and whether children, if born, will reach 21 years of age. In the instant case Federal income tax liability may be uncertain as to amount, but it is reasonably sure, if not definite, that the income the petitioner will receive from the trust will require the payment of such a tax.

Having decided that petitioner does have a valuable and enforceable right, our remaining task, as to the first issue, is to evaluate the right to receive $12,000 each year tax free. There is no dispute as to the present worth of the $12,000 each year for the life of petitioner, so we direct our attention to the present worth of the future income tax on $12,000 each year.

We do not accept petitioner's estimate of $55,306.19 as the most reasonable estimate of the present worth of the future tax payments. From a consideration of all the evidence we find and so hold the present value of the future income tax payments to be $50,623.

The second issue involves the exclusion of a gift tax payment from the gross value of the gift in determining the net value of the gifts subject to gift tax. Respondent has amended his answer and claimed that he erroneously allowed a deduction in the deficiency notice for gift taxes; his amended answer, therefore, claimed a deficiency ex-

ceeding that in the original deficiency notice. The burden of proof is upon the respondent in respect to any new matter pleaded in his answer. Rule 32, Tax Court's Rules of Practice.

Petitioner contends that incident to the creation of the trusts and as a condition thereof, the trustee was under a contractual obligation to pay petitioner's gift tax liability resulting from the creation of the trusts, and, therefore, the gross value of the property given to the trusts should be reduced by the amount of the gift tax which was to be paid by the trustee. Respondent contends that the gift tax was paid pursuant to the trustee's discretionary powers; therefore, the value of the gift should not be reduced by the amount of the gift tax.

Respondent and the petitioner both rely, for different reasons, on our holding in *Estelle May Affelder*, 7 T. C. 1190. We do not think that the *Affelder* case decided the issue which we have here. In that case we found that no prior agreement existed whereby the trustee was obligated to pay the gift tax, and hence we were not required to decide whether if such agreement had been made as a condition or obligation to the making of the gift the amount so paid could be excluded in determining the net value of the gift to the trust.

In the present case we have found that the trustee was obligated by an agreement, between donor and trustee, wherein the trustee was to assume the liability of the donor in the payment of the gift tax. We are now called upon for the first time to decide whether the value of that gift tax as a retained interest by the donor may be excluded from the gross value of the gifts in determining the net value of the gift subject to gift tax. Relying on the rationale, as set forth in the first issue, that the donor has retained an interest in the property to the extent that the trust is obligated to pay petitioner's income tax during the remainder of her life, we hold that the amount of the gift tax may be excluded, as a retained interest, from the gross value of the gifts in determining the net value.

The unimpeached testimony adduced in behalf of petitioner proves unquestionably that an oral agreement existed, prior to the execution of the trusts, whereby the trustee would be obligated to pay the gift tax liability incurred by petitioner in establishing the trusts. Further, the conferences prior to the divorce, the small amount of property retained by petitioner after the divorce settlement, petitioner's inexperience in business matters, and the trustee's actual payment of the gift tax, indicate that the unequivocal intention of the parties was to obligate the trustee rather than leave payment of the gift tax to the discretion of the trustee or petitioner. Because the trustee had been obligated to pay the gift tax, and since these obligations were incurred

as a condition to the making of the gift, the property transferred by petitioner was the value of the property at the time of the gift less the interest retained by petitioner for the payment of the gift tax.

Respondent asserts that gift tax "is measured by the value of the property passing from the donor." Regulations 108, section 86.3. This is true if the property passes from the donor with all the elements of a gift. Cf. *Commissioner* v. *Hogle*, 165 F. 2d 352, 353, affirming 7 T. C. 986. One of the essential elements of a gift is the donor's intention to make the gift. Petitioner did not intend that the amount of the value of the property necessary for the gift tax liability would be a gift to the trust. Therefore, in the absence of an intent to give, this amount was not effective as property passing from the donor, and not taxable as a gift.

Respondent objects to the introduction and the consideration of testimony with respect to the oral agreement obligating the trustee, but his objection is not well founded. Parol evidence is admissible when the controversy is not between the parties to the instrument. Cf. *Scofield* v. *Greer*, 185 F. 2d 551. We also recognize that the courts are not rigidly bound by formal written documents in determining questions in the field of taxation, since it is the substance and the realities of the transaction that must govern. Cf. *Helvering* v. *Lazarus & Co.*, 308 U. S. 252.

In determining the net value of petitioner's gifts the present worth of the future income tax payments is the amount of $50,623. This amount and the gift tax computed as herein directed shall be excluded from the gross value of the gifts as retained interests in determining the net value. The exclusion for gift tax should not be in an amount greater than the gift tax liability recomputed after allowing the exclusion of the present worth for future income tax payments.

Reviewed by the Court.

*Decision will be entered under Rule 50.*