**Herman GLASER, Jr., as Administrator of the Estate of Herman Glaser, Sr., deceased, Plaintiff-Appellee,**

v.

**UNITED STATES of America, Defendant-Appellant.**

**No. 13654.**

United States Court of Appeals
Seventh Circuit.

July 23, 1962.

---

Louis F. Oberdorfer, Asst. Atty. Gen., Stephen J. Pollak, Atty., U. S. Dept. of Justice, Washington, D. C., Philip Carlton Potts, U. S. Atty., South Bend, Ind., Lee A. Jackson, Harry Baum, L. W. Post, Dept. of Justice, Washington, D. C., Alfred W. Moellering, U. S. Atty., for appellant.

James E. Keating, Voor, Jackson & McMichael, William O. Jackson, South Bend, Ind., for appellee.

Before DUFFY, SCHNACKENBERG and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

Taxpayer, Herman Glaser, Jr., administrator of his deceased father's estate, brought this action for refund of federal estate taxes allegedly overpaid. The facts were stipulated. The District Court granted the refund and the government appeals.

Prior to 1943 decedent purchased several parcels of real estate in South Bend, Indiana, for which he furnished the consideration. Decedent and his wife, Pauline, took title to parcels I through V and a seventh parcel as tenants by the entireties. They took title to parcel VI along with their daughter, Elsa Glaser, as joint tenants.[1]

From 1943 to 1946 decedent and his wife made certain conveyances of these parcels. They conveyed parcels I to VI each to a different child, reserving a life estate to themselves and to the survivor of them. Elsa Glaser, the joint owner of parcel VI, did not join in the conveyance of that parcel. Decedent and his wife conveyed the seventh parcel in fee to their daughter and her husband, Anna F. Van Dien and Roscoe Van Dien. As full consideration for the conveyance, the Van Diens conveyed real estate in South Bend, designated parcel VII, to deced-

1. The parcels are numbered I through VII to correspond with the descriptions of the real estate included in the stipulation and in the estate tax return.

ent and his wife for their joint lives with remainder over to another of decedent's sons.

Decedent died in 1955, and his wife in 1958. The gross estate shown in decedent's federal estate tax return included one-half the purported value of each parcel at the date of his death. The District Director included the full value in the gross estate less the commuted value of the widow's life estate in her one-half interest in each parcel, and issued a deficiency assessment. Taxpayer paid the deficiency under protest and, after a denial of his claim for refund, filed the instant suit, contending that only one-half the value of parcels I through VI and none of the value of parcel VII should be included in the gross estate.

The District Court ruled that one-half the value of parcels I through V, one-third the value of parcel VI, and none of the value of parcel VII should be included in the gross estate. Judgment was entered for taxpayer for $11,387.33, with interest. In this Court the government abandoned its appeal with regard to parcel VI, but contends that the deficiency assessment should otherwise be sustained.

### Parcels I to V.

Taxpayer concedes that because decedent and his wife retained a life estate in the conveyed parcels, 26 U.S.C. § 2036 [2]

requires that the value of the real estate to the extent of his interest therein be included in his gross estate. The crucial question is what was the extent of decedent's interest in the parcels when he and his wife conveyed them.

The District Court held that the ownership of the properties by decedent and his wife as tenants by the entireties gave each "an equal interest, under Indiana law, in the properties, and neither tenant could convey or make a transfer of a greater interest than he or she owned or had a right to transfer, namely, a one-half interest." Consequently, the court concluded that the extent of decedent's interest in the parcels at the time of their conveyance was a one-half interest, citing Sullivan's Estate v. Commissioner, 9 Cir., 175 F.2d 657; Estate of Brockway v. Commissioner, 18 T.C. 488, and Estate of Borner v. Commissioner, 25 T.C. 584.

Before the District Court and in its main brief here, the government contended that 26 U.S.C. §§ 2036 and 2040 [3] are to be read together under the facts of this case, and that when so read, the entire value of the parcels is includable in decedent's gross estate. The government argues that since decedent furnished the consideration for the parcels, if he had died before the conveyances to his children, their full value would have been includable in his gross estate under Section 2040; that although in form the convey-

2. Section 2036 provides in part:
"(a) *General rule.*—The value of the gross estate shall include the value of all property * * * to the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death—
(1) the possession or enjoyment of, or the right to the income from, the property, or
(2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom."

3. Section 2040 provides in part:
"The value of the gross estate shall include the value of all property * * * to the extent of the interest therein held as joint tenants by the decedent and any other person, or as tenants by the entirety by the decedent and spouse, * * * *Provided,* That where such property or any part thereof, or part of the consideration with which such property was acquired, is shown to have been at any time acquired by such other person from the decedent for less than an adequate and full consideration in money or money's worth, there shall be excepted only such part of the value of such property as is proportionate to the consideration furnished by such other person: * * *."

ances destroyed the tenancies by the entireties, leaving decedent with a joint life interest and a contingent life interest ·if he survived his wife, *in substance* decedent retained the same interest for federal estate tax purposes that he had before the conveyances; and therefore the full value of the parcels should be included in his gross estate.

■ We agree with the District Court that since the properties had been transferred before decedent's death, Section 2040 has no application. Under this section it is only "the value of property held jointly *at the time* of decedent's death" that is includable. (Emphasis supplied). Treas.Reg., Section 20.2040–1.

It has been held that when two joint owners have transferred property within the meaning of Section 2036, each is held to have transferred only a one-half interest in the property. Sullivan's Estate v. Commissioner, supra; Estate of Brockway v. Commissioner, supra. And this is so even though, as here, one of the joint owners furnishes the full consideration for the acquisition of the joint property. Estate of Borner v. Commissioner, supra.

■ In the instant case decedent's wife owned an equal interest with her husband in the parcels by reason of the tenancy by the entireties, and neither she nor decedent could dispose of the properties without the other's consent. The conveyances to their children destroyed the tenancies by the entireties; therefore, at the time of decedent's death there existed no joint interest to which Section 2040 could apply.

In its reply brief the government for the first time presented a different theory for reversal. The government now contends that the instant case is controlled by this Court's decision in Commissioner v. Nathan's Estate, 7 Cir., 159 F.2d 546.

In Nathan the decedent created a trust which provided that the net income from the trust funds was to be paid to his sister for her life; if he survived her, the income was to be paid to him for life;

and after the death of the survivor, the corpus was to go to third parties. This Court held that the value of the entire trust corpus was includable in his gross estate under Section 811(c) of the 1939 Code (the predecessor of Section 2036) even though the decedent predeceased his sister, because the transfer of the corpus was with a retained contingent life estate held by the decedent for a period not ascertainable without reference to his death or which did not in fact end before his death. In so holding, Judge Evans said at 549:

> "The decedent \* \* \* retained only a contingent estate which became effective in case he survived his sister. Nothwithstanding this rather important fact so far as enjoyment is concerned, it did not take the transfer out of the reach of the language of Section 811(c) which controls our decision."

The government maintains that in accordance with Nathan the retention of a contingent life interest by decedent in the instant case requires inclusion of the full value of the properties in his gross estate. It contends that by telescoping the transactions whereby decedent originally acquired the properties with the transactions in which he and his wife conveyed the parcels to their children, what in substance happened insofar as his interest in the properties is concerned was this: Decedent purchased the properties, furnishing all the consideration; all subsequent transfers were without consideration; in the conveyances from the vendor, decedent took title jointly with his wife for their lives, gave a remainder in fee to his wife if she survived him, and reserved to himself a life estate if he survived her, with a remainder over to certain of his children. Thus, the government concludes decedent retained for his life a joint life estate with his wife plus a contingent life estate if he survived her.

■ The defect in the government's contention is that in telescoping the transactions whereby decedent acquired the properties with the transactions in

which he conveyed the parcels to his children, the government has left out the decisive fact which distinguishes this case from Nathan, namely, that decedent in purchasing the properties took title with his wife as tenants by the entireties. By reason of this fact, when he and his wife conveyed the properties to their children, he had only a one-half interest. It is this interest to which Section 2036 applies.

In Nathan the decedent was the sole owner of the transferred property at the time the trust was created. Therefore, the full value of the trust funds was correctly included in his estate. In the instant case, however, decedent at the time of the conveyances to his children owned only a one-half interest in the properties. The District Court was correct in relying upon Sullivan's Estate, which in our view states the applicable law.

### Parcel VII.

We believe that the District Court erred in excluding the full value of parcel VII from decedent's gross estate. It is true that decedent and his wife gave full consideration for parcel VII in which they received joint life estates with the remainder to their son. The consideration was a parcel of real estate equal in value with parcel VII and owned by decedent and his wife as tenants by the entireties. The conveyance by them to the Van Diens and the conveyance by the Van Diens to decedent and his wife occurred on the same day. The District Court ruled that the transaction constituted a purchase by decedent and his wife of joint life estates for themselves and of the remainder interest for their son as a gift.

Looking through form to substance, however, decedent and his wife merely substituted one piece of property for another of equal value. The effect of the exchange of properties was a transfer of parcel VII which cannot be distinguished in substance from the transfer of parcels I through V. The transaction, therefore, should be treated for federal tax purposes as if the transfer of parcel VII had emanated from decedent and his wife and as if they had retained joint life interests therein. See Lehman v. Commissioner, 2 Cir., 109 F.2d 99, and Estate of Moreno v. Commissioner, 8 Cir., 260 F.2d 389.

The judgment of the District Court is affirmed in part and reversed in part. The case is remanded for entry of a modified judgment consistent with this opinion.