John T. Clancy, S.
This is an appeal from a pro forma order fixing the estate tax herein.
The decedent died on October 9, 1962. Prior thereto and on June 23, 1962, the decedent and her husband conveyed certain *835 real property, owned by them as tenants by the entirety, to their sons Francis and Gerald, reserving to themselves a joint life estate. On July 23,1-962, the decedent and her son Gerald transferred a bank account held in their joint names to Gerald alone.
It is conceded that both of these transfers were made in contemplation of death and that they are taxable. The question presented here is the proportion of their value which should be included in the gross taxable estate. The Tax Commission contends that the full value of the property must be included in the gross estate. The petitioner contends that only one half of the value should be included.
Subdivision 3 of section 249-r of the Tax Law provides that there shall be included in the gross estate the value of all property, real or personal, to the extent of any interest therein transferred by the decedent in contemplation of death or in which he retained for life the possession, enjoyment or income therefrom. Subdivision 5 of the same section provides that property held jointly or by the entirety shall be included in the gross estate except such part as belonged to the other joint tenant and which was never acquired by the latter from the decedent for less than full consideration.
Similar provisions appear in the Federal Internal Revenue Code. Section 2036 (U. 'S. Code, tit. 26, § 2036) thereof provides that the gross estate shall include the value of all property to the extent of any interest transferred by the decedent, except for full consideration, under which he retained for life the possession, enjoyment or income therefrom. Section 2040 (U. S. Code, tit. 26, § 2040) provides that the gross estate shall include the value of all property held as joint tenants or as tenants by the entirety except such part as may be shown to have belonged to the other tenant and which was never acquired by the latter from the decedent for less than full consideration.
It is apparent that the New York State Tax Law follows closely the Federal Internal Revenue Code. Both parties concede that Federal court decisions dealing with comparable provisions of the Federal statute may be considered in interpreting the State statute. (Cf. Matter of Cregan, 275 N. Y. 337, 341.)
In Glaser v. United States (306 F. 2d 57), the United States Court of Appeals for the Seventh Circuit held that section 2040 of the Internal Revenue Code had no application to property transferred before the decedent’s death and that it was applicable only to property jointly held at the time of decedent’s death. The court further held that where jointly owned property was transferred with a life estate retained, each of the joint *836 owners was held to have transferred only a one-half interest in the property.
The provisions of the New York State Tax Law and the Federal Internal Revenue Code parallel each other so closely that the force of this Circuit Court decision cannot be escaped.
In the instant case, while the transfers are taxable because made in contemplation of death, the decedent’s interest in the property at the time of the transfer was only one half thereof and, accordingly, only one half of the value of the property transferred should have been included in the gross estate.
The appeal is sustained and the tax will be revised accordingly.