528

Third National Bank in Nashville et al., Appellants,

*v.*

Donald R. King, Commissioner of Revenue, State of Tennessee, Appellee.

387 S.W.2d 800.

(*Nashville,* December Term, 1964.)

Opinion filed March 4, 1965.

James L. Roberts, Farris, Evans & Evans, Nashville, for appellants.

George F. McCanless, Attorney General, Milton P. Rice, Assistant Attorney General, for appellee.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is an appeal by the complainants from an order of the Chancery Court of Davidson County sustaining a demurrer to the original bill. The Third National Bank in Nashville, Trustee, and others filed the bill against the Commissioner of Revenue of the State, pursuant to T.C.A. sec. 67-2305, seeking to recover gift taxes paid under protest. So far as material to the question raised, the bill alleges that on March 14, 1962 Edward B. Craig executed a trust agreement to the complainant Bank and others, as Trustees, and delivered to the Trustees 20,000 shares of the capital stock of The National Life and Accident Insurance Company, to be administered pursuant to the provisions of the trust agreement. Paragraph VIII of the trust agreement provides:

"The Trustees are authorized and directed to pay, out of the principal of Trust A, any and all gift taxes imposed by the State of Tennessee and the United States of America on the initial gift of twenty thousand (20,000) shares of the capital stock of The National Life and Accident Insurance Company, and to sell so much of said stock as may be necessary to pay said gift taxes, and to charge the same against the principal of said trust."

530

The Trustees named in the trust agreement joined in the execution of that agreement for the purpose of indicating their acceptance of the trusts imposed upon them and agreed to execute the trust faithfully according to its terms and conditions.

The bill further alleges that all State and Federal gift taxes have been paid by the Trustees out of the principal of the trust, pursuant to Paragraph VIII of the trust agreement. The donor made and filed both State and Federal gift tax returns showing the amount of the gift to be the value of the 20,000 shares of stock on the date of the trust agreement less the amount of the gift taxes the trust agreement obligated the Trustees to pay from the corpus of the trust.

The Commissioner of Revenue of the State took the position that the State gift tax should be based upon the value of the entire 20,000 shares of stock without deduction for gift taxes, which, by the trust agreement, were required to be paid out of the principal of the trust, and made a deficiency assessment of $29,117.80 together with interest thereon, which was paid under protest. The demurrer of the defendant states the position of the Commissioner of Revenue, as follows:

"* * * The tax imposed under the Tennessee Gift Tax Statute is computed on the basis of the total amount of gifts made during any calendar year, less only those deductions enumerated in Section 67-2503, Tennessee Code Annotated, which does not include the value of State and Federal gift tax paid from the corpus of a gift by the donee thereof for the benefit of the donor."

Under both the Tennessee Gift Tax Act (T.C.A. sec. 67-2511) and the United States Gift Tax Statute (26

U.S.C.A. sec. 2502(d)), the tax imposed is required to be paid by the donor. Under both Acts the tax is imposed upon the transfer of property *by gift*. (T.C.A. sec. 67-2501, 26 U.S.C.A. sec. 2501).

The question presented by this appeal is whether or not that part of the property transferred to the Trustees by the donor which, under the terms of the trust agreement, was required to be used to pay the gift tax liability of the donor was a transfer *by gift* by the donor. The Tax Court of the United States has held that under the Federal Act such property is not to be included in determining the amount of the transfer by gift. *Harrison v. Commissioner*, 17 T.C. 1350, 1356, 1357, Dec. 18,788 (1952); *Lingo v. Commissioner*, 13 T.C.M. 436, 441 (T.C.Memo. 1954-31—Dec. 20,323 (m)).

In Harrison, the Tax Court stated:

"* * * Because the trustee had been obligated to pay the gift tax, and since these obligations were incurred as a condition to the making of the gift; the property transferred by petitioner was the value of the property at the time of the gift less the interest retained by petitioner for the payment of the gift tax."

In Lingo, the question before the Tax Court and the answer thereto are stated, as follows:

"The final question is whether the value of the gift in trust should be reduced by the amount of gift tax payable out of the trust estate. Paragraph 'FIFTH' of the trust instrument provides that the trustee shall pay or refund to any person required to pay the same any gift tax finally determined to be due from settlor. In the case of Sarah Helen Harrison, 17 T.C. 1350 (Dec. 18,788), we held that since the obligation of the trustee

to pay the gift tax was incurred as a condition to the making of a gift the donor did not intend that the amount of the property necessary for the gift tax liability would be a gift to the trust, and that such amount was not effective as property passing from the donor.

"In determining the net value of the gift for tax purposes the gift tax, computed as herein provided, is to be excluded from the gross value of the property transferred to the trust."

The Commissioner of Internal Revenue of the United States appears to have acquiesced in the above rulings by the Tax Court and, under the Federal Gift Tax Statute, that part of the property transferred to the trustees which, by the trust agreement or by agreement between the donor and trustees at or prior to the transfer, is required to be used to pay gift taxes is not included in computing the amount of the gift.

■ The question now before the Court had not been decided under the Tennessee Act. In important respects our State Gift Tax Act, which was first enacted as Ch. 137 Acts 1939 (now T.C.A. sec. 67-2501 et seq.) is modeled after the Federal Gift Tax Act, 26 U.S.C.A. sec. 2501 et seq. As heretofore pointed out, both Acts impose the tax on the transfer of property *by gift,* and in both the donor is required to make the tax return and pay the tax. Also, under both Acts, the tax applies whether the transfer is in trust or otherwise and whether the gift is direct or indirect. Under both Acts, where property is transferred for less than an adequate and full consideration, the amount by which the value of the property exceeded the value of the consideration shall be deemed a gift (T.C.A. sec. 67-2504, 26 U.S.C.A. sec. 2512 (b)).

In *State ex rel. Williams v. Jones,* 179 Tenn. 206, 210, 164 S.W.2d 823, 825, this Court stated:

"When a statute of another State is adopted in Tennessee, the judicial construction of the State of its origin is imported and written in the statute in so far as this construction does not antagonize our laws and our public policy."

This rule was recognized as being applicable to the California Gift Tax Statute, which, like our Tennessee statute, is patterned largely on the Federal Act, in *Douglas v. State,* 48 Cal.App.2d 835, 120 P.2d 927, 929.

While the United States Tax Court decisions cited above are subsequent to the enactment of our Gift Tax Act, they are the most direct authority on the question under consideration.

In the brief of the Commissioner of Revenue, it is argued that the amount of the trust property to be used for the payment of the gift taxes does not come within the exemptions from taxation set forth in T.C.A. sec. 67-2503 and that, as stated by this Court in *Karsch v. Atkins,* 203 Tenn. 350, 356, 313 S.W.2d 253, 256, "exemptions from taxation must positively appear by statute".

In our judgment, this contention overlooks the fact that the taxing clause of our Gift Tax Statute imposes the tax upon "the transfer *by gift*". (Emphasis supplied) Is that which the donor transferred to the Trustees for the express and required purpose of paying the gift tax obligation of the donor property transferred by gift? We think not. The control over the economic benefit of the property required by the trust instrument to be used to pay the donor's tax liability did not pass from the donor.

534

In Karsch, the Court further stated "statutes imposing taxes will not be extended by construction to subjects or objects outside their domain". 356 of 203 Tenn., 256 of 313 S.W.2d.

■ Unless the transfer of the shares of stock necessary to pay the gift taxes was a transfer *by gift,* it does not come within the taxing clause of the statute. In 28 Am. Jur., Inheritance, Estate, and Gift Taxes, sec. 612, Page 422, it is stated:

"Even if the donee or trustee must pay the gift tax, the amount of such tax is not deductible from the value of the property transferred *unless there is an agreement between the transferor and the transferee at or prior to the gift which obligates the donee or trustee to make such payment.*" (Emphasis supplied)

Here, we have the agreement in the trust instrument obligating the Trustees to make such payment. On both reason and authority we conclude that the decree of the Chancery Court must be reversed and the demurrer overruled at the cost of the appellee.

CLEMENT, SPECIAL JUSTICE, not participating.