UNITED STATES of America,
Appellant,

v.

Eugene HEASTY, ancillary executor of the estate of Fern C. King, deceased, and Eula F. Robbins, Fern C. King and Eula F. Robbins, being the sole and only heirs of George A. Creekmore, deceased, Appellees.

No. 8417.

United States Court of Appeals
Tenth Circuit.

Dec. 27, 1966.

Jack S. Levin, Atty., Dept. of Justice (Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Harry Baum and Jonathan S. Cohen, Attys., Dept. of Justice, on the brief), for appellant.

Gerald Rogers, Wellington, Kan. (F. M. Rogers, Wellington, Kan., on the brief), for appellees.

Before LEWIS, BREITENSTEIN and HILL, Circuit Judges.

HILL, Circuit Judge.

Appellees brought suit below to recover a refund of federal estate taxes they alleged the government erroneously assessed and collected. From an adverse

decision and judgment by the District Court, the government has perfected this appeal.

The stipulated facts reveal the following: The decedent, George A. Creekmore, whose estate the government taxed, acquired several tracts of land during his lifetime, he alone supplying the entire consideration. In 1946, Creekmore conveyed his land through a "strawman" to himself and his wife, Carrie Creekmore, as joint tenants with right of survivorship. As required by the Internal Revenue Service, a gift tax was paid. In 1948, Mr. and Mrs. Creekmore conveyed the realty to their daughters and grandchildren, reserving to themselves joint life estates with right of survivorship. As required by the Internal Revenue Service, a gift tax was paid on each conveyance. Carrie Creekmore died June 26, 1952. No estate tax was paid since her gross estate was less than $60,000.00. George Creekmore died July 28, 1960. The Commissioner has included in his taxable estate the full value of the realty and assessed taxes thereon. Appellees, decedent's heirs, paid the tax so assessed and filed suit for a refund, alleging that only one-half of the value of the realty should be included in the taxable estate. The District Court rendered judgment for the heirs. The government appeals, contending the estate should include the full value of the realty.

Section 2001 of the Internal Revenue Code of 1954, 26 U.S.C., imposes a tax on the transfer of "the taxable estate * * * of every decedent, citizen or resident of the United States * * *." The taxable estate is the value of the gross estate minus certain exemptions and deductions 26 U.S.C. § 2051. The parties have stipulated the value of real-

ty includible in the decedent's gross estate depends upon a construction and application of section 2036 of the 1954 Code. That section, as applicable to this case, reads as follows:[1]

"(a) General rule.—The value of the gross estate shall include the value of all property (except real property situated outside of the United States) to the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death—

"(1) the possession or enjoyment of, or the right to the income from, the property, or

\*  \*  \*  \*  \*  \*."

The District Court found under Kansas and Oklahoma real property law, the decedent, since he had earlier given his wife a one-half interest, could transfer only one-half of the realty in 1948. Applying section 2036 decedent thus "made a transfer" of only one-half of the realty and only that amount is includible in the gross estate.

The government's contentions may be summarized as follows: The decedent acquired the realty in his name alone, entirely with his own funds. He thereafter conveyed the property to himself and his wife as joint tenants. Had he died at that point, the full value of the property would have been includible in his estate under section 2040 of the 1954 Code.[2] Two and one-half years later he

1. The statute was amended in 1962 by Public Law 87–834, § 18(a) (2) (D), 76 Stat. 1052 to eliminate the exception previously available to real property situated outside of the United States.

2. "§ 2040. JOINT INTERESTS."
   "The value of the gross estate shall include the value of all property (except real property situated outside of the United States) to the extent of the interest therein held as joint tenants by the decedent and any other person, or as tenants by the entirety by the decedent and spouse, or deposited, with any person carrying on the banking business, in their joint names and payable to either or the survivor, except such part thereof as may be shown to have originally belonged to such other person and never to have been received or acquired by the

and his wife conveyed the land to their heirs reserving in themselves joint life estates, with the right of survivorship. Since Mrs. Creekmore's death preceded her husband's he was enjoying a life estate in all the property at the time of his death. Sections 2036 and 2040 should be read together and the decedent's estate should not be permitted to escape a tax on all the realty merely because, under the State law of property he "made a transfer"[3] of only one-half the realty in 1948. We are urged to adopt a federal estate tax concept of "transfer" rather than apply the state law ownership concept. Since, after the conveyance to his wife in 1946 the entire value would be taxable to him, then the "transfer" made in 1948 includes, under section 2036, all the value of the realty.

Recognizing that numerous cases from other Circuits and the Tax Court are in conflict with its position[4] the government places heavy reliance on two cases. United States v. Allen, 10 Cir., 293 F.2d 916, cert. denied, 368 U.S. 944, 82 S.Ct. 378, 7 L.Ed.2d 340, involved the 1939 Code. In that case Mrs. Allen made an inter vivos transfer of property to a

trust reserving ⅗ths of the income to herself during her life. Later she sold and transferred her ⅗ths life interest to the income for more than its actuarial value. She died within three years of this transfer. Section 2036's predecessor[5] was applicable and the question was whether ⅗ths of the corpus of the trust was includible in the gross estate or whether the decedent's interest in the corpus had been removed, for federal estate tax purposes, from the gross estate by a transfer at the value of the reserved life estate. This court held that the decedent's gross estate included ⅗ths of the corpus, because to permit a decedent "to reap the benefits of property for his lifetime and, *in contemplation of death,* sell only the interest entitling him to the income, thereby removing all of the property which he had enjoyed from his gross estate",[6] was contrary to the intendment of Congress. Allen is not apposite to the case at bar. Mrs. Allen, the decedent, was the sole transferor at the time the transfer in question was made. Both the decedent and his wife were owners of the property at the time the transfer with which we are here

latter from the decedent for less than an adequate and full consideration in money or money's worth: *Provided, That* where such property or any part thereof, or part of the consideration with which such property was acquired, is shown to have been at any time acquired by such other person from the decedent for less than an adequate and full consideration in money or money's worth, there shall be excepted only such part of the value of such property as is proportionate to the consideration furnished by such other person: *Provided further,* That where any property has been acquired by gift, bequest, devise, or inheritance, as a tenancy by the entirety by the decedent and spouse, then to the extent of one-half of the value thereof, or, where so acquired by the decedent any other person as joint tenants and their interests are not otherwise specified or fixed by law, then to the extent of the value of a fractional part to be determined by dividing the value of the property by the number of joint tenants." This section

was amended in 1962 by Public Law 87–834, § 18(a) (2) (G), 76 Stat. 1052, which eliminated the provision excepting real property outside of the United States.

3. 26 U.S.C. § 2036.

4. Sullivan's Estate v. Commissioner, 9 Cir., 175 F.2d 657; Brockway's Estate v. Commissioner, 9 Cir., 219 F.2d 400; Hornor's Estate v. Commissioner, 3 Cir., 130 F.2d 649; Glaser v. United States, 7 Cir., 306 F.2d 57; Estate of Borner v. Commissioner, 25 T.C. 584; Estate of Carnall v. Commissioner, 25 T.C. 654.

5. 1939 Internal Revenue Code, 26 U.S.C. § 811(c). It is important to note that subsection (c) included a provision (§ 811(c) (1) (A)) relating to contemplation of death as well as a provision substantially like the present § 2036 (§ 811 (c) (1) (B) (ii).

6. United States v. Allen, supra, 293 F.2d at 918.

concerned took place. Mrs. Allen made the transfer within three years of death in contemplation of death. We are not here concerned with a contemplation of death case.

The government also relies on United States v. O'Malley, 383 U.S. 627, 86 S.Ct. 1123, 16 L.Ed.2d 145. In this case, which also involved the 1939 Code,[7] decedent created five irrevocable trusts. He was one of the trustees. Each of the trusts provided that the trustees, in their sole discretion, could pay trust income to the beneficiary or accumulate the income, permitting it to become part of the principal. The Commissioner included in the decedent's estate not only the original principal of the trusts but also the accumulated income added thereto. Under the 1939 Code provision, the court had to decide 1) whether the decedent had retained a power " 'to designate the persons who shall possess or enjoy the property or the income therefrom' "; and 2) "Whether the property sought to be included, namely, the portions of trust principal representing accumulated income" had been previously "transferred" by the decedent. It was the latter question that prompted dispute. The Court said that the decedent had transferred the income which was accumulated and became a part of the trusts' principal after the trusts were established. It cannot be doubted that the Supreme Court did reject the traditional concepts of property law and apply a federal estate tax concept. The Court held that the decedent, at the time he established the trusts, "owned all of the rights to the property transferred, a major aspect of which was the right to the present and future income produced by that property." By creating the trusts, he relinquished all his rights to the income with the exception of his retained power to distribute that income to the income beneficiaries or to accumulate it and hold it for the remaindermen of the trusts. Since the decedent did direct the income to accumulate as principal, the Court found that "[a]ll income increments to trust principal are therefore traceable to [the decedent] himself, by virtue of the original transfer and the exercise of the power to accumulate." Thus, the decedent had for federal estate tax purposes become the owner and the transferor of the income produced by the trust corpus, since the federal estate tax law disregarded his original transfer of the property to the trust.

■ The government has made much the same argument to the Seventh Circuit as it now makes to this Court. Its theory was rejected there[8] and it is here. An important distinction between the Allen and O'Malley cases and the one at bar is that we have here a second transfer. We agree with the conclusion of the Seventh Circuit Court that section 2040 has no application to a case like this because after the husband and wife took the property as joint tenants there was another transfer of the property. "Under [section 2040] it is only 'the value of the property held jointly *at the time* of decedent's death' that is includible."[9] Each spouse individually conveyed some interest to their children and grandchildren. Whatever law we apply to this case, we cannot say that the wife had no interest to convey because she did have; and she did convey it. She transferred a one-half "interest" in the property. The husband cannot be said to have transferred that "interest". They cannot both own it. The O'Malley case would undoubtedly have had a different result if a part of the accumulated income had been "transferred" away by someone other than the decedent. So also would the Allen case stand in a different posture if one-half the corpus of the trust had been "transferred" by

---

7. 26 U.S.C. § 811(c) (1) (B) (ii).

8. Glaser v. United States, 7 Cir., 306 F. 2d 57.

9. Glaser, supra, 306 F.2d at 60, citing Treas.Reg., section 20.2040–1.

someone other than the decedent. The "interest" contemplated by section 2036 must, in a case like the one at bar, be determined according to the state law.[10]

Affirmed.

---

10. Sullivan's Estate v. Commissioner, 9 Cir., 175 F.2d 657; Glaser v. United States, 7 Cir., 306 F.2d 57; Cf. United States v. Akin, et al., 10 Cir., 248 F.2d 742, cert. denied, 355 U.S. 956, 78 S.Ct. 542, 2 L.Ed. 532 and In re Sweet's Estate, 10 Cir., 234 F.2d 401, cert. denied, 352 U.S. 878, 77 S.Ct. 100, 1 L.Ed. 2d 79.