Lawrence E. Kahn, S.
This matter comes before us on a motion to fix tax upon the estate of both Michael J. Powers and Helen V. Powers. The disputed property in question was conveyed to the petitioner, their son, Rev. Thomas M. Powers on April 10, 1973. This real property was located at 57 Eileen Street, Albany, New York, and has an appraised value of $34,000.
It is conceded by the petitioner that this transfer was made by his mother, Helen, in contemplation of death. She died just four days later on April 14, 1973. Petitioner claims, however, that none of this property is included in her gross estate because she contributed nothing to the original purchase of the property. Petitioner has submitted a deposition to the effect that his father, Michael, was the only working member of the family. In addition, petitioner claims that nothing *720 should be included in his father’s estate. Petitioner claims that his father was in good health, although the father died approximately 9 Vi months after the conveyance.
Both of these claims are rejected by the Tax Commission who claim that one half of the value of the property should be included in each estate. This matter is governed by section 249-r of the New York State Tax Law, as well as the prevailing case law. It is this court’s holding that one half of the property shall be included in each decedent’s estate.
In Matter of Waters (43 Misc 2d 834, 835) the following language is particularly controlling: "Subdivision 3 of section 249-r of the Tax Law provides that there shall be included in the gross estate the value of all property, real or personal, to the extent of any interest therein transferred by the decedent in contemplation of death or in which he retained for life the possession, enjoyment or income therefrom. Subdivision 5 of the same section provides that property held jointly or by the entirety shall be included in the gross estate except such part as belonged to the other joint tenant and which was never acquired by the latter from the decedent for less than full consideration. Similar provisions appear in the Federal Internal Revenue Code. Section 2036 * * * provides that the gross estate shall include the value of all property to the extent of any interest transferred by the decedent, except for full consideration, under which he retained for life the possession, enjoyment and income therefrom. Section 2040 * * * provides that the gross estate shall include the value of all property held as joint tenants or as tenants by the entirety except such part as may be shown to have belonged to the other tenant and which was never acquired by the latter from the decedent for less than full consideration.” The petitioner urges that the rules under section 2040 of the Internal Revenue Code (US Code, tit 46, § 2040) and subdivision 5 of section 249-r of the Tax Law are applicable.
The New York State Tax Law follows closely the Federal Internal Revenue Code and decisions thereunder. In Glaser v United States (306 F2d 57) the United States Court of Appeals held that section 2040 of the Internal Revenue Code was not applicable to property which had been transferred prior to decedent’s death, but only to property held jointly at the time of decedent’s death. The court (p 60) stated that where jointly owned property was transferred with a life estate retained, "each [of the joint owners was] held to have transferred only a *721 one-half interest in property.” In other words, in that case as well as in the present case, this property is taxable in the decedent’s estate as a result of subdivision 3 of section 249-r, because what was transferred in contemplation of death was a one-half interest in property. Subdivision 5 of section 249-r, with respect to tenancies by entirety is not applicable since the property was not held as tenants by the entirety at the time of their death. Therefore, the question of who contributed what to the purchase of the property does not arise with respect to tax. Each parent here transferred a one-half interest in property in contemplation of their deaths, and as a result each of their taxable estates must include that value of one-half interest.
In the case at bar, it is conceded that Helen Powers transferred the property in contemplation of her death. Because of the closeness of the Internal Revenue Code and the New York State Law, this requires inclusion of one half of the property in her estate.
Petitioner further submits that Michael Powers did not make said transfer of his one-half interest in said property in contemplation of his own death, but in contemplation of his wife’s death only. He further cites Clark v United States (209 F Supp 895) to support his contention that the father’s interest should not be included in his estate for purposes of estate tax. The Clark case, which was heavily relied upon by petitioner, is compatible with both the Glazer and Waters cases (supra). In the Clark case, the court found that the transfer of securities made by the wife to her husband were not made in contemplation of the husband’s death. The court found that the purpose of the transfer was to provide a trust of said securities for the benefit of said wife in the event the husband predeceased her. The court rightly held that such a transfer was not in contemplation of the wife’s death since there was a living purpose to said transfer.
Such a living purpose is not shown in the case at bar. It is not enough to show that the transfer was made in contemplation of the death of another but it must also be established that the transfer was not made in contemplation of the death of the donor. To do this, it must be shown that a living purpose existed for such a transfer. Petitioner failed to establish such a living purpose. While the doctor’s affidavit is evidence of decedent’s health and while decedent’s spouse’s impending death may have been the motivating factor in *722 causing such a property transfer, there is still insufficient, evidence to overcome the presumption that this transfer was made in contemplation of death of the decedent herein. Since the father, Michael, died only some nine months later, and insufficient proof has been shown to overcome the presumption that this gift was made in contemplation of death, one half of the property will be included in his estate.
Accordingly, one half of the property shall be included in their respective estates for the purpose of estate tax.