**Richard H. BARRY and James R. Cheshire, III, Co-Executors of the Estate of Marvin K. Barry, Deceased, Plaintiffs-Appellees,**

v.

**Jayne Ann WOODS, Commissioner of Revenue, Defendant-Appellant.**

Supreme Court of Tennessee.

Feb. 25, 1980.

James R. Cheshire, III, Nashville, for plaintiffs-appellees; Waller, Lansden, Dortch & Davis, Nashville, of counsel.

Jim G. Creecy, Asst. Atty. Gen., Nashville, for defendant-appellant; William M. Leech, Jr., Atty. Gen., Nashville, of counsel.

OPINION

HARBISON, Justice.

In this inheritance tax case the Chancellor held that the taxpayer correctly included only one-half of the value of decedent's residence in his taxable estate. The Commissioner insisted that the full value of the residence was includable because it had previously been held by the decedent and his wife as tenants by the entirety, and he had transferred his interest therein to his wife in contemplation of death. After consideration of the issues, we are of the opinion that the judgment of the Chancellor was correct.

Prior to July 29, 1972, decedent, Marvin K. Barry, owned in fee simple a residence in Davidson County. The property was unencumbered, and he had paid all of the consideration therefor. Mr. Barry was a widower. On the above date he married Mrs. Mae Imrie Keltner. About three weeks later, on August 18, 1972, decedent deeded the property to himself and his wife, creating a tenancy by the entirety. There was no monetary consideration for this transfer.

Subsequently, in late 1974, decedent underwent major heart surgery and was thereafter confined to his home for several months. On July 1, 1975, he executed a

deed transferring his remaining interest in the residence to his wife, making her the owner in fee simple pursuant to T.C.A. § 64–110. Decedent died on October 19, 1976, some fifteen and one-half months after the second deed.

Following the death of the decedent, his Executors filed late gift tax returns on both transfers and paid gift taxes thereon, treating each of the two deeds as having conveyed a one-half interest in the residence. In addition, since the death of the decedent occurred less than two years prior to the second transfer, the Executors included one-half of the date-of-death value of the residence in the taxable estate, subject to credit for the gift tax previously paid.

The Commissioner insists that since the second transfer was admittedly made in contemplation of death, it should be regarded as of no effect, at least for tax purposes, and, therefore, the decedent and his wife should be considered as owning the property at the date of his death as tenants by the entirety. Since the decedent furnished all of the consideration for the purchase of the residence, it is insisted that, under special rules governing the taxation of such property, the entire value of the residence should be included in the decedent's estate.

The rules regarding the taxation of property held by spouses as tenants by the entirety have recently been re-examined by this Court in the case of *Pierce v. Woods*, 597 S.W.2d 295 (Tenn.1980). Under the holding of the majority in that case, even if the property had been held by Mr. and Mrs. Barry as tenants by the entirety at the date of his death, only fifty percent of the value of the residence would be includable in his estate.

Aside from that holding, however, the difficulty with the Commissioner's theory in this case is that at the date of Mr. Barry's death in 1976, title to the residence was vested solely in his surviving widow. It was not at that time jointly owned and

therefore was not literally subject to the provisions of T.C.A. § 30–1603.

In order for any portion of the value of the residence to be included in Mr. Barry's estate, therefore, consideration must be given to the provisions of T.C.A. § 30–1602(c) as they existed at all times pertinent to this case.[1]

Those provisions required the inclusion of property:

"transferred by the decedent prior to and in contemplation of death and any transfer of any such property made by a person within two (2) years prior to death, shall, unless the contrary be shown, be deemed to have been made in contemplation of death."

The statute further defined the term "contemplation of death." However, since the Executors conceded that the 1975 transfer fell within the purview of the statute, consideration of the statutory definition is unnecessary.

An examination of the words of T.C.A. § 30–1602 makes it clear that only "transfers" are taxable. There is no provision in the statute making such transfers void, illegal or of no effect. The Chancellor concluded, as do we, that it is therefore necessary to determine exactly what the decedent did transfer to his wife in 1975. At that time the residence was owned by them as tenants by the entirety.

It is elementary that neither tenant by the entirety owns the property alone; both are owners, and the title or right of neither is superior to that of the other. *See Robinson v. Trousdale County*, 516 S.W.2d 626 (Tenn.1974). Either spouse does have a salable or transferable interest, but, in effect, all that either could transfer to a third party by his or her sole deed would be a right of survivorship. As against third parties, the non-conveying tenant by the entirety would still be entitled to possession and enjoyment of the

---

1. The statute was substantially rewritten in 1978 so as to conform more closely to the current Internal Revenue Code. In the recent amendment it is provided that in determining the amount of any gift either includable or excludable, "federal regulations, rulings, and procedures for computing such amount, if such exist, shall be applicable."

property during his or her life. *See Sloan v. Sloan*, 182 Tenn. 162, 184 S.W.2d 391 (1945) and cases cited therein.

■ There is no question but that when Mr. Barry transferred his interest to his wife in 1975, she became the owner in fee simple absolute, just as she would have done had he predeceased her. He thereby extinguished any right of survivorship which he might have had, together with his right of joint control, enjoyment and possession. She became the sole owner, and it is this transfer of his interest to her, in contemplation of death, which is made taxable under T.C.A. § 30–1602. The question, then, ultimately becomes one of valuation of that gift. Special provisions for valuation of such a transfer *at death* are found in T.C.A. § 30–1603, but there are no such provisions in § 30–1602.

It is apparent that decedent did not transfer to his wife in 1975 one hundred percent of the ownership of the property, because she already had an interest similar to his by virtue of the 1972 deed. Only if the contemplation of death statute were to nullify the transfer in all respects could these parties be reconstituted tenants by the entirety so as to make applicable the provisions of T.C.A. § 30–1603, governing property jointly owned at date of death.

There is not a highly developed body of case law in this jurisdiction construing the statutes governing gifts made in contemplation of death. The language of current federal statutes and the statutes of other states cited by the parties differs from the Tennessee provisions applicable to this case. Nevertheless, the concepts of inheritance taxation are, in many respects, analogous to those of federal estate taxation. It is therefore appropriate to examine federal cases dealing with similar situations. *See Third National Bank v. King*, 215 Tenn. 528, 533, 387 S.W.2d 800 (1965).

Under the provisions of I.R.C. § 2040, property owned by joint tenants or tenants by the entirety is taxed in the estate of the first to die to the extent that he or she furnished consideration for the acquisition of the property. That statute, however, like T.C.A. § 30–1603, applies only to property jointly held or owned at the time of death. Federal cases generally have held that its terms and provisions are not applicable to pre-death transfers, even though these may later be taxable as gifts made within three years of death under I.R.C. § 2035. To date, federal cases have not required the two sections to be read together, unlike I.R.C. § 2035 (transfers prior to death) and § 2036 (transfers with retained life estates). *See United States v. Allen*, 293 F.2d 916 (10th Cir. 1961), *cert. denied*, 368 U.S. 944, 82 S.Ct. 378, 7 L.Ed.2d 340 (1961). *See also United States v. Heasty*, 370 F.2d 525 (10th Cir. 1966); Treas.Reg. § 20.2035–1(b).

It is true that there are statements found in federal cases to the effect that the purpose of I.R.C. § 2035 and its predecessors

"is to make the transferred property cause the same tax result as if the decedent had kept it till he died instead of transferring it." *See Humphrey's Estate*, 162 F.2d 1, 2 (5th Cir. 1947).

Although this may be correct as a general proposition, the majority of the federal cases have not included more than one-half of the value of jointly owned property transferred by joint tenants or tenants by the entirety prior to the death of the first of them, when such transfers have been made to third parties.

Probably the leading case is *Sullivan's Estate v. Commissioner*, 175 F.2d 657 (9th Cir. 1949). That case arose under the contemplation of death provisions of the 1939 Internal Revenue Code. Decedent and his wife transferred to their son, without consideration, property which they held as joint tenants. The husband had paid the entire purchase price in acquiring the property. He died shortly after the gift to the son. Only one-half of the value of the gift was held to be includable in his estate. The Court concluded that the husband as joint tenant with his wife could not have conveyed more than a one-half interest in the property without her joining in the deed. It observed that the conveyance by the wife

of her interest to the son could not be considered in contemplation of her own death, inasmuch as she was still living at the time of the hearing.

From a strictly logical standpoint this result may not be consistent with cases construing I.R.C. § 2040. Nevertheless, most subsequent cases have followed the holding in *Sullivan, supra. See Glaswer v. United States*, 306 F.2d 57 (7th Cir. 1962); *Estate of Carnall*, 25 T.C. 654 (1955); *Estate of Borner*, 25 T.C. 584 (1955); *Estate of Brockway*, 18 T.C. 488 (1952). *See also United States v. Heasty*, 370 F.2d 525 (10th Cir. 1966); *Warren, Gorham and Lamont, Federal Estate and Gift Taxation*, para. 4.12(9) (4th ed. 1978) (calling the result in these pre-death transfer cases "surprising" and at odds with the policy underlying I.R.C. § 2040);[2] *Note, Federal Estate and Gift Taxation of Joint Interests: Planning and Policy Perspectives*, 32 *Vand.L.Rev.* 1419, 1442–43 (1979).

These authorities, of course, are not binding here, and indeed do not represent a unanimous view on the subject from the standpoint of federal law. The State cites and relies upon the cases of *Haneke v. United States*, 548 F.2d 1138 (4th Cir. 1977); *Harris v. United States*, 193 F.Supp. 736 (D.Neb.1961) and *Estate of Wilson*, 2 T.C. 1059 (1943), all reaching results either contrary to, or difficult to reconcile with, those cited in the previous paragraph. However, we are inclined to follow what we believe to be the majority view among the federal cases in the absence of any more definitive or controlling authority. The entire subject is statutory and of a technical nature. Legislative changes may be made if a different result is deemed more appropriate.

We recognize that the interest of a tenant by the entirety, in legal theory, does not consist of an undivided one-half interest in

property. However, for practical purposes, and especially for tax purposes, it is frequently convenient to so consider it. *See* T.C.A. § 30–1603(a); *see also* I.R.C. §§ 2515(a) and (c) (gift taxes).

Special rules for the taxation of jointly held property and property held by married persons in the unique estate of tenancy by the entirety have long been necessary. Most of the federal cases have used a valuation of fifty percent for pre-death transfers, as did the Executors in the present case,[3] in the absence of special valuation provisions in the statutes governing such transfers.

The judgment of the Chancellor is affirmed at the cost of the Commissioner. The cause will be remanded to the Chancery Court for enforcement of the judgment and payment of costs accrued there.

BROCK, C. J., and FONES, COOPER and HENRY, JJ., concur.

---

**2.** In *Estate of Brockway, supra,* the Tax Court said: "If this result is contrary to the basic purpose of the estate tax statute and there is a loophole in section 811(c), the remedy lies with Congress." 18 T.C. at 499.

**3.** While the Executors later attempted to establish by actuarial statistics that the valuation should have been less, they elected voluntarily to include one-half of the value of the residence in the estate. They only paid under protest the tax on the other one-half. They are now precluded from contending that a valuation of less than fifty percent would have been more appropriate because of the age and life expectancy of the decedent.