# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### January 30, 2001 Session

# EMMANUEL CHURCHES OF CHRIST, ET AL. v. FRANCES FOSTER, ET AL.

### Appeal from the Chancery Court for DeKalb County
### No. 98-60  John Turnbull, Judge, Sitting by Interchange

---

### No. M2000-00812-COA-R3-CV - Filed April 5, 2001

---

This is a dispute between a separating local church and the national organization over the church property in Smithville. The dispute involves the interpretation of two deeds, one in 1940 and another in 1943. The Chancery Court of DeKalb County held that the majority of the property belonged to the local congregation. Against the national church's arguments that the chancellor's order violated the separation of church and state and was contrary to the law and the facts, we affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM C. KOCH, JR. and WILLIAM B. CAIN, JJ., joined.

William E. Farmer, Lebanon, Tennessee, for the appellants, Emmanuel Churches of Christ and Bishop Ronald W. Banks, as an Officer of the Emmanuel Churches of Christ.

Frank Buck and Lena Ann Buck, Smithville, Tennessee, for the appellees, Frances Foster, individually and as a Trustee of Emmanuel Church of Christ at Smithville, a.k.a Smithville Emmanuel Church of Christ, and Nancy Ann Tramel, Brenda Hill, Jerry Hutchins, Sr., Doretta Hutchins, Dilbert Colwell, and Elizabeth Colwell, as Trustees of Emmanuel Church of Christ at Smithville, a.k.a. Smithville Emmanuel Church of Christ, and Emmanuel Bread of Life Frances Foster Ministries, Inc.

## OPINION

### I.

On June 8, 1940, Cridner Martin executed a deed to a 90x100 foot lot in DeKalb County. The grantees were certain named individuals and described as "trustees in trust for the use and

benefit of the Emmanuel Church of Christ, (Inc. Ky.) at Smithville, Dekalb County, Tennessee, and to their successors in trust forever." The deed also contained the following paragraphs:

> May it also be known that the trustees for the Emmanuel Church of Christ at Smithville, Tennessee shall be appointed or elected as following (sic): one for 1 year, one for 2 years, one for 3 years, one for 4 years, and one for 5 years. New trustees are to be elected or appointed by the pastor of the church at Smithville and the remaining trustees.

> Be it also known that in case of division or misunderstanding of any kind in the Emmanuel Church of Christ (Inc. Ky.) that the serving trustees shall have governing power over the above mentioned property.

The deed did not contain a derivation clause.

On November 27, 1943, Cridner Martin and wife, Nancy Martin, executed another deed conveying a 105x100 foot lot to the trustees of the "Emanuel (sic) Church Christ of Kentucky, Incorporated, of Smithville, Tennessee and their successors." The description covered the exact parcel conveyed in the 1940 deed plus fifteen additional feet to the south. The deed contained the following additional language:

> being the lands we bought from Grant Dirting, deed to which is of record in the Register's Office at Smithville, Tennessee in Book ____ page ____. The Trustees herein named, or their successors, shall have no right to make any conveyances of this property, and the Emanuel (sic) Church of Christ is the sole authority to settle any disputes the (sic) may arise, but the Emanuel (sic) Church of Christ is to have no authority to sell or dispose of this property.

The record shows that the Emmanuel Church of Christ became an organized church in 1933 when a group of believers obtained a charter in Logan County, Kentucky. The spiritual leader and founder, Nina Mae Pierce, became the Bishop-Overseer of the church, which adopted what they called an apostolic structure. Local congregations support and operate under the umbrella of the central organization. The Bishop-Overseer appoints local pastors and presides over a general assembly held twice yearly. The church obtained a Tennessee charter in 1940.

The church in Smithville dates back to 1932, even before the formal organization of the church. The congregation met at various places until 1940 when they acquired the lot from Cridner Martin and erected a church building. The church became known as Martin's Chapel, and Elder Frances Foster has served as pastor since 1970.

In 1997 the Smithville church withdrew from the Emmanuel Church of Christ over a dispute with the Bishop-Overseer. The Bishop-Overseer then brought this action in the Chancery Court at Smithville for a declaration that the Smithville property belonged to the central organization and that

the local pastor and trustees were illegally holding the property. After a trial on the merits the chancellor held that the property conveyed in the 1940 deed belonged to the congregation in Smithville but that the fifteen foot strip added in the 1943 deed belonged to the central organization.

## II.
### THE CHURCH-STATE ARGUMENT

The appellant argues that the lower court's decision violated the prohibition in Article I Section 3 of the Tennessee Constitution against giving preference to a religious establishment or mode of worship. This argument arises because the language in the 1940 deed gives the trustees the power over the property "in case of division or misunderstanding of any kind in the Emmanuel Church of Christ (Inc. Ky)." Because the controversy with the central organization involved, at least to some extent, what are "biblical truths" the appellant argues that the lower court had to decide who was right and who was wrong on that issue.

We think the appellant is mistaken in that view. The lower court did not adjudicate any religious principle or decide whether the dispute that arose had any basis in fact. The only issue before the court was an interpretation of the two deeds to the church property. The civil courts have the power to make that decision and the courts have frequently exercised that power when a church division calls into question the rights to property. *See Fry v. Emmanuel Churches of Christ, Inc.*, 839 S.W.2d 406 (Tenn. Ct. App. 1992); *Ward v. Crisp*, 226 S.W.2d 273 (Tenn. 1949). The issue in this case does not turn on religious doctrine or practice, only on neutral principles of law invoked by the fact that a division or misunderstanding has occurred. *Presbyterian Church in the United States, et al. v. Mary Elizabeth Blue Hull Memorial Presbyterian Church, et al.*, 393 U.S. 440 (1969).

## III.
### THE DEED

As a general proposition, when property is conveyed to a local church having a connectional relationship to a central organization, the property belongs to the central organization. *The Cumberland Presbyterian Church v. North Red Bank Cumberland Presbyterian Church*, 430 S.W.2d 879 (Tenn. Ct. App. 1968); *Fairmount Presbyterian Church, Inc. v. The Presbytery of Holston of the Presbyterian Church of the United States*, 531 S.W.2d 301 (Tenn. Ct. App. 1975). There is no question that the Emmanuel Church of Christ is a connectional church with a central organization presided over by a Bishop-Overseer. Neither is there a question that the church's by-laws have certain provisions that deal with the property of local congregations. These by-laws treat the local property as the property of the larger organization.

We think, however, that the general rules are subject to the clear intent of the grantor in the deed manifesting a contrary purpose. Our task, therefore, is to determine the grantor's intent in making the conveyance. *Hall v. Hall*, 604 S.W.2d 851 (Tenn. 1980). The intent is best ascertained from the language in the deed read in light of the surrounding circumstances, *Roberts v. Hale*, 393

S.W.2d 155 (Tenn. 1965), and all parts of the deed must be examined together for the purpose of arriving at the grantor's intent. *Higginson v. Smith*, 272 S.W.2d 348 (Tenn. Ct. App. 1954).

The 1940 deed, executed by Cridner Martin alone, conveyed the 90x100 foot lot to certain named trustees, "as trustees in trust for the use and benefit of the Emmanuel Church of Christ, (Inc. Ky.) at Smithville, Dekalb County, Tennessee and to their successors in trust forever." If the deed had stopped there the case would be identical to *The Cumberland Presbyterian Church v. North Red Bank Cumberland Presbyterian Church*, 430 S.W.2d 879 (Tenn. Ct. App. 1968) and *Fairmount Presbyterian Church, Inc. v. The Presbytery of Holston of the Presbyterian Church of the United States*, 531 SW.2d 301 (Tenn. Ct. App. 1975) above. But we note that in the first cited case the court specifically noted an "absence of a controlling provision of the deed." The deed in this case goes on to provide that the successor trustees would be appointed as follows: "New trustees are to be elected or appointed by the pastor of the church at Smithville and the remaining trustees." When these provisions are coupled with the remaining provision that the locally appointed trustees are to retain governing power over the property in case of a division or misunderstanding of any kind in the parent church, we come to the conclusion that Mr. Martin intended to keep the property under the control of the trustees from the local congregation. Although Mr. Martin was not a literate man, he was careful to describe the trustees as trustees for the church "at Smithville," and to make sure that the local trustees would always have the power to decide what to do with the property in case of a controversy.

It is true that the local pastor sometimes submitted the names of the trustees to the Bishop-Overseer who would "approve" them. But that is significant only as a circumstance tending to show the state of mind of the pastor and the Bishop-Overseer. It does not add to nor detract from the legal significance of the language used in the deed, and it does not amount to a waiver of the rights of the local trustees.

The appellant also argues that the lower court entered an inconsistent judgment when it decided that the central organization owned the fifteen foot strip in the 1943 deed that was not covered in the 1940 deed. Since the 1943 deed was signed by Cridner Martin and his wife, Nancy Martin, the appellant argues that the 1943 deed was a deed of correction, executed to convey Nancy Martin's interest as a tenant by the entireties. But there is no proof that Mr. and Mrs. Martin acquired the property as husband and wife. The deed to them is not in the record, although it is referred to in the 1943 deed as a deed conveying land "we bought from Grant Dirting." That reference alone is not sufficient to establish a conveyance to Mr. and Mrs. Martin as husband and wife.

Even if we assume that Mr. and Mrs. Martin owned the property as tenants by the entireties, the 1940 deed conveyed Mr. Martin's right of survivorship, so he did not have any interest to convey in 1943. The record shows that Mrs. Martin predeceased Mr. Martin, therefore making the trustees the owners of the fee. *See Barry v. Woods*, 594 S.W.2d 687 (Tenn. 1980); *Robinson v. Trousdale Co.*, 516 SW.2d 626 (Tenn. 1974).

The judgment of the trial court is affirmed.  The cause is remanded to the Chancery Court of DeKalb County for any further proceedings necessary.  Tax the costs on appeal to the appellant, Emmanuel Churches of Christ and Bishop Ronald W. Banks.


_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.